THE STATE v. BENNETT *et al.*

Criminal law: ADULTERY: EVIDENCE. In a prosecution against a wife and her paramour for adultery, the husband is a competent witness for the State, and not disqualified from testifying against the wife.

*Appeal from Linn District Court.*

FRIDAY, JANUARY 27.

ON the 13th day of June, 1870, Morgan L. Bennett, the husband of Harriet L. Bennett, filed an information before a justice of the peace of Linn county against the defendants, charging them with the crime of adultery.

At the July term of the Linn district court an indictment was returned against them for said crime. The defendants each pleaded not guilty, and demanded separate trials. Thereupon, Harriet L. Bennett being placed upon trial, the State called as a witness Morgan L. Bennett, husband of said Harriet, who had commenced the prosecution, filed the information, been examined before the grand jury, and whose name was properly indorsed on the back of the indictment, as a material witness on the part of the State. The defendant objected to the said Morgan L. Bennett being sworn as a witness on the part of the State, for the reason that, as the husband of Harriet L., he was by law disqualified to testify against her.

The objection was sustained. The defendant being acquitted, the State appeals.

*Henry O'Connor*, Attorney-General, and *William G. Thompson*, District Attorney, for the State.

*I. M. Preston & Son* for the appellee.

DAY, Ch. J. — "The husband or wife shall in no case be a witness for or against the other, except in a criminal pro

ceeding for a crime committed by one against the other." Rev., § 3983. Is the adultery of the wife, in such sense, a crime committed against the husband, as to render him, under this section, a competent witness against her, in a criminal prosecution for the offense? This question is one of first impression. Although many similar cases have been before this court, in which the testimony of the husband or wife was admitted, the competency of such testimony was always tacitly conceded.

The law so far regards the adultery of the wife as a crime against the husband, that, if he should discover her *flagrante delicto*, his homicide of her and her paramour would be lowered to the grade of manslaughter. The general sense of mankind, however, considers the crime of a more aggravated character. The history of judicial proceedings in this country, of late years, fails to furnish an instance in which a jury has found the homicide of the paramour of the wife guilty of any crime at all. And while this tendency upon the part of jurors to override the law cannot receive judicial sanction yet it furnishes convincing proof of the fact that the law does not punish the crime of adultery in a manner proportionate to the magnitude of the offense, and that a law, not in accord with the common feelings and sympathies of humanity, cannot be enforced. The Revision, section 4347, which provides that no prosecution for adultery can be commenced but on complaint of the husband or wife, leads to the inference that the offense is rather a crime against the partner to the marital relation than against society in general. So long as the injured husband or wife suffers the wrong in silence, society, notwithstanding the injury to public morals, is without redress. The prosecution can be commenced only on complaint of the husband or wife. The only mode of commencing the prosecution is by becoming a prosecuting witness before the grand jury, or by filing an information before a committing magistrate. When a preliminary in-

formation is laid before a magistrate he must examine the informant or prosecutor, and any witness he may produce, and take their affidavits in writing, and cause each affidavit to be subscribed and sworn to before him, by the person making it. The affidavit must set forth the facts stated by the informant and his witnesses, tending to establish the commission of the offense, and the guilt of the person charged therewith. Rev., §§ 4531, 4532. The informant assumes the attitude of a witness whether he institute the prosecution before the grand jury or before a committing magistrate. The argument which, under section 3983, would deny the right of the husband to testify in this case, would also deny his right to commence the prosecution, either before a committing magistrate or the grand jury, and would prove too much. It has been held that an affidavit of a married woman might be read, on an application to the court of king's bench for an information against her husband for attempt to take her away by force after articles of separation. In reference to this, Mr. Justice BULLER said "it would be strange to permit her to be a witness to ground a prosecution, and not afterward to be a witness at the trial. 11 Bull. N. P. 287; 1 Phill. on Ev. 79.

In our opinion the witness was improperly excluded. As the defendant, being acquitted, cannot be again placed upon trial, we can do no more than express our conviction of the law.

Reversed