THE STATE OF IOWA, Appellant, v. DUNCAN T. CORLISS, Appellee.

Criminal Law: PUBLIC OFFENSES: ADULTERY. The crime of adultery is a public offense within the meaning of section 3891 of the Code, providing that, "If any person break and enter any dwelling house in the night time, with intent to commit any public offense, * * *° he shall be deemed guilty of burglary."

*Appeal from Buchanan District Court.*—HON. J. L. HUSTED, Judge.

TUESDAY, MAY 10, 1892.

INDICTMENT charging the defendant with unlawfully and burglariously breaking and entering a certain dwelling house in the night time "with the intent then and there to commit a public offense, to-wit, the crime of adultery." There was a demurrer to the indictment upon the ground that adultery is not a public offense. The demurrer was sustained, and the state appeals. *Reversed.*

*John Y. Stone*, Attorney General, and *H. W. Holman*, County Attorney, for the State.

GIVEN, J.—I. Section 3891 of the Code, under which this indictment was found, provides as follows: "If any person break and enter any dwelling house in

the night time, with intent to commit any public offense, * * * he shall be deemed guilty of burglary, and shall be punished according to the aggravation of the offense, as provided in the next two sections." The question raised by the demurrer is whether adultery is a public offense, within the meaning of that section,— a question that finds ready answer, we think, in other sections of the Code. Section 4008 declares adultery to be a crime punishable by imprisonment in the penitentiary or by fine and imprisonment in the county jail. Section 4166 provides that "an indictment for a public offense must be found within eighteen months after the commission thereof, in the following cases, and not after," and names adultery as one of the following cases, clearly classifying and recognizing it as a public offense. Section 4103: "Public offenses are divided into felonies, misdemeanors,"—and section 4104 defines: "A felony is a public offense which is, or in the discretion of the court may be, punished by imprisonment in the penitentiary." That adultery is an indictable offense, and can only be punished by conviction on indictment, will not be questioned. An indictment is defined in section 4295 as "an accusation in writing found and presented by a grand jury, * * * charging that a person therein named has done some act or been guilty of some omission which by law is a public offense punishable on indictment." The authority to indict and punish adultery is upon the theory that it is a public offense. True, the offense is an offense against the husband or wife of the guilty party; but it is none the less an offense against the public, for that reason. All offenses against persons or property are in some sense offenses against the injured individual, but they are also offenses against the public. The provision in section 4008, that "no prosecution for adultery shall be commenced but on the complaint of the husband or wife," does not fix the

character of the offense. This provision is grounded in the regard which the law has for the marital relation, and the right of the husband and wife to condone the wrongs of either towards the other. That the offender cannot be prosecuted except at the instance of the injured husband or wife, does not render his crime any the less an offense against the public. Indeed, there are few, if any, offenses that are more directly against the peace, happiness and good order of society.

There is language found in the opinion in *State v. Bennett*, 31 Iowa, 24, that would seem to indicate that adultery is an offense against the injured husband or wife, rather than against society in general. The question under consideration was: "Is the adultery of the wife in such sense a crime committed against the husband as to render him, under this section, a competent witness against her in a criminal prosecution for the offense?" In commenting upon the provision that prosecutions for adultery can only be commenced on the complaint of the husband or wife, it is said that it leads to the inference that the offense is rather a crime against the partner to the marital relation than against society in general. As applied to the question then under consideration the reasoning was quite forcible; but to say in answer to the question before us that the offense is against the injured husband and wife, and not against the public, would be to say that this grave crime against public morality and decency must go unpunished. In *State v. Cooper*, 16 Vt. 551, the defendant was charged with burglariously entering the dwelling in the night time, with intent to commit adultery, under the statute which declared such breaking and entering, "with the intent to commit the crime of murder, rape, robbery, larceny or any other felony." It was held that adultery was not a felony, under their statute. We think, in view of our statutes, the district court erred in sustaining the demurrer. REVERSED.