STATE OF IOWA V. L. B. ODEN, Appellant.

**Adultery:** COMMENCEMENT OF PROSECUTION. Though Code, section 4008, limits the right to prosecute a married person for adultery, to his wife, this limitation does not apply where the defendant was unmarried when the crime was committed, but married before the finding of the indictment.

**Admission of Evidence:** HARMLESS ERROR. The admission in evidence of acts of sexual intercourse, subsequent to the date on or about which the act of adultery declared upon in the indictment is charged to have been committed, is not reversible error, where, after the state had elected to stand upon the act testified to as being the first committed, and as occurring on or about the date alleged in the indictment, the evidence as to the other acts was stricken out, on defendant's motion.

*Appeal from Sioux District Court.*—HON. SCOTT M. LADD, Judge.

WEDNESDAY, DECEMBER 9, 1896.

ON the fifteenth day of November, 1893, the defendant was indicted on the complaint of A. H. Macomber, husband of Hilda Sophia Macomber, for the crime of adultery, alleged to have been committed on or about the sixth day of June, 1893, with said Hilda Sophia Macomber, the defendant then being a single man. A verdict of guilty was returned, and judgment that the defendant be imprisoned in the penitentiary for the period of one year and four

months, and for costs, was entered thereon. Defendant appeals.—*Affirmed.*

*Palmer & Van Dyke* for appellant.

*Milton Remley,* attorney general, for the state.

GIVEN, J.—I. On the trial, the defendant called Mrs. S. Oden, who testified that she was married to the defendant on October 13, 1893, and had lived with him ever since that date. The state moved to strike this evidence, as "incompetent, immaterial, and irrelevant," which motion was sustained, and of this appellant complains. It will be observed that the crime is alleged to have been committed on or about the sixth day of June, 1893, and that the defendant was then a single man. It will also be noticed that the indictment was found on the fifteenth day of November, 1893, which was after the marriage of this witness and the defendant; and the question is whether, the defendant being married at the time complaint was made, it could be made by any other than his wife. Section 4008 of the Code provides that, "when the crime is committed between parties only one of whom is married, both are guilty of adultery, and shall be punished accordingly. No prosecution for adultery can be commenced but on the complaint of the husband or wife." In *State v. Roth,* 17 Iowa, at page 341, this court said: "The object of the limitation of the statute, in our view, was to exempt the party from prosecution, unless the husband or wife of such party should commence the prosecution against him or her." In *State v. Wilson,* 22 Iowa, at page 364, it is said: "That it was competent for the injured wife of the paramour of the defendant to make complaint, and that the grand jury were not bound to indict both or neither." In that case, the accused was an unmarried

man, and the complaint was by the spouse of the other party to the crime. In *Bush v. Workman*, 64 Iowa, 206 (19 N. W. Rep. 910), wherein both parties to the crime were married, it was held that the statute "forbids prosecutions for adultery except when commenced by the spouse of the person prosecuted." In *State v. Mahan*, 81 Iowa, 121 (46 N. W. Rep. 855), it was held that the indictment for the crime of adultery may be good, although it does not show that the prosecution was commenced upon the complaint of the husband or wife of the accused, nor that the latter is unmarried, and that, if the defendant was married, the failure of his wife to make complaint was a matter of defense, which he was required to prove in order to take advantage of it. It is entirely clear from these rulings, that, if the defendant had been married at the time of the alleged commission of the offense, he could only be prosecuted upon the complaint of his wife; but the question is whether, under the facts of this case, the limitation of the statute applies. If it does, this evidence was material, and should have been admitted; otherwise, not.

In *State v. Bennett*, 31 Iowa, 24, it is said that this limitation "leads to the inference that the offense is rather a crime against the partner to the marital relation than against society in general. So long as the injured husband or wife suffers the wrong in silence, society, notwithstanding the injury to public morals, is without redress." In *State v. Corliss*, 85 Iowa, 18 (51 N. W. Rep. 1154), it is said of this limitation: "This provision is grounded in the regard which the law has for the marital relation, and the right of the husband and wife to condone the wrongs of either towards the other." Whether we consider adultery as an offense against the public or against the injured spouse, or against both, the limitation is, however, grounded, not in the interests of the public, but in

the fact that the offense is primarily against the innocent partner. In June, 1893, the defendant had no wife to be wronged by the crime charged; no wife to whom the law extended the right to condone or to prosecute for the crime charged. At that time, the defendant was liable to prosecution on the complaint of the husband of Mrs. Macomber. It may be questioned whether defendant could now be prosecuted for that offense, on the complaint of the wife that he has married since its alleged commission. There would certainly be some force in the claim when she was not injured within the contemplation of the statute, and that she was not entitled to condone, or to prosecute for an offense that was not committed against her more than against any other person of the general public. However this may be, we do not determine; but, in view of the reasons upon which the limitation of the right to prosecute is grounded, we reach the conclusion that that limitation does not apply in this case. It follows from this conclusion that the evidence stricken out was immaterial, and therefore the motion was properly sustained.

II. To convict, it was incumbent upon the state to show that Hilda Sophia Macomber was the wife of the complainant, A. H. Macomber, at the time of the adulterous intercourse alleged. The transcript shows that both Mr. and Mrs. Macomber were asked when they were married, and that each answered that it was in 1893, she giving the date as December 28. If this is correct, the evidence fails to show that they were husband and wife, or that Mrs. Macomber was a married woman, at the time of the alleged adultery. Taking all the evidence together, it is perfectly manifest that their marriage was in 1883, instead of 1893, and that 1893 erroneously appears, either from an inadvertence on the part of the witnesses, or of the reporter. Under all the evidence, there is no room for

reasonable controversy as to the date of their marriage being in 1883.

III. Defendant's objections to certain questions asked the witness, Mrs. Macomber, were overruled. The objections were upon the ground that the questions were leading and suggestive. These objections were not well founded, and, like a number of others appearing in the record, are not of sufficient importance to merit further notice.

Mrs. Macomber, having testified that the defendant had sexual intercourse with her the first time June 6, 1893, further testified, over defendant's objection, to subsequent acts of sexual intercourse, the last being about the middle of September. Acts subsequent to that of on or about June 6, were not admissible. See *State v. Donovan*, 61 Iowa, 278 (16 N. W. Rep. 130.)

Upon the conclusion of the evidence on behalf of the state, defendant moved to strike all the evidence tending to show acts of sexual intercourse, other than the first; and this motion was sustained, and the state required to elect upon which act it would stand, and the state elected to stand upon the act testified to as being the first committed; namely, on or about June 6, 1893. In view of this action of the court, there was no prejudice to the defendant in admitting the evidence thus excluded.

IV. Appellant's further contention is, that the evidence fails to support the charge of adultery, on or about June 6, 1893. True, there is a conflict in the evidence on that subject, but we think the verdict has ample support.

Complaints are made against the instructions, grounded upon the claim that defendant, being a married man at the time complaint was made, could only be prosecuted on the complaint of his wife; also, upon the ground that it was not proven that Mrs. Macomber

was the wife of A. H. Macomber at the time the adulterous act relied upon was committed. The instructions are in harmony with the views we have expressed on these contentions. We find no error in the record, prejudicial to the defendant, and the judgment of the district court is, therefore, AFFIRMED.