STATE OF IOWA v. FRANK Z. SMITH, Appellant.

**Adultery:** WHO MAY PROSECUTE. On the remarriage of husband and wife after a divorce, the husband may institute a complaint against a third person for adultery committed with the wife during their former marriage, under Code, section 4932, providing that prosecution for adultery shall be instituted only on the complaint of the husband or wife.

CONDONATION. By re-marrying his first wife after being divorced from her, with knowledge of adultery committed by her with a third person during the former marriage, a husband does not con-

done the offense of the third person, so as to bar a criminal pros ecution against him.—Deemer, Justice dissenting.

PROOF OF ACTS NOT CHARGED: *Election*   Since Code, sections 5164 and 5285, authorizes the state to show the commission of the crime at any time within eighteen months preceding the date alleged in the indictment, one convicted of adultery under an indictment charging one specific act on a day named, cannot complain on appeal that evidence of more than one act was received, where there was no proof of the commission of the offense on the day charged in the indictment, and it does not appear which of the several other acts proved was first shown, and no request for an election was made.

APPEAL: *Obj; ction below*   A defendant who desires that the state shall elect upon which of several acts it will rely for a conviction, should make such request before the cause is submitted to the jury and if he fails to do so, is not entitled to any relief on appeal, because the election was not made.

PRIVATE COUNSEL FOR STATE.   An objection that attorneys interested in a civil action in which a recovery was asked on account of matters involved in the criminal prosecution, were permitted to assist in the criminal prosecution, contrary to Code, section 305, made for the first time on motion for a new trial after a conviction, is too late where it does not appear that the court knew of the disqualification of such attorneys, and where counsel for accused knew of it when the trial commenced.

SAME.   A conviction of the crime of adultery will not be reversed because, in violation of Code, 305, attorneys who represented the defendant in a civil action between defendant and complainant, in which a recovery is asked upon matters involved in the criminal prosecution, assisted the attorney in the prosecution, where they were not guilty of any intentional wrong and the attorney for the defendant also represented him in the civil action and therefore was aware that they represented the complainant in the action.

*Appeal from Warren District Court.*—HON. A. W. WILKINSON, Judge.

WEDNESDAY, MAY 17, 1899.

THE defendant was convicted of the crime of adultery, and from the judgment, which required that he be imprisoned in the penitentiary at Fort Madison for a term of six months, he appeals.—*Affirmed.*

*Powell & Ross* and *H. McNeil* for appellant.

*Milton Remley,* Attorney General, and *W. H. Redman* for the State.

Robinson, C. J.—The indictment alleges that the defendant committed the crime of adultery with Mary Worthley, who was at the time the wife of Herbert Worthley.

I.    Section 4932 of the Code relates to the crime of adultery, and provides that "no prosecution therefor can be commenced except on the complaint of the husband or wife." It is claimed that this prosecution was not commenced as required by that provision. The facts involved in the claim are as follows: During the months of October and November, 1897, Herbert Worthley and Mary Worthley were husband and wife, and lived together. At different times between the date specified in the indictment and the 7th day of the following month the defendant committed adultery with Mrs. Worthley. On a date not shown, but which was prior to the twenty-fourth day of December, 1897, Mr. and Mrs. Worthley separated, and on that day she commenced an action for divorce. It was granted on the fifth day of the next month, on the ground of cruel and inhuman treatment. On the twenty-fifth day of March, 1898, they again married each other, and immediately thereafter Worthley presented to the grand jury a complaint against the defendant, charging him with the offense of adultery committed with Mrs. Worthley in October and November, 1897, and demanding that the matter be investigated. Thereafter, and on the same day, the grand jury found and returned the indictment in this case. It is contended that, in consequence of the divorce, and the interval of time during which the marriage relation did not exist between Mr. and Mrs. Worthley, he must be considered in law as having no right to institute this prosecution that he would not have had in case he had first married his wife after the acts of

adultery were committed. The statute in question has been considered by this court in numerous cases. In *Bush v. Workman,* 64 Iowa, 206, it was said that it "forbids prosecutions for adultery except when commenced by the spouse of the person prosecuted." In *State v. Corliss,* 85 Iowa, 18, it was said to be "grounded in the regard which the law has for the marital relation, and the right of the husband and wife to condone the wrongs of either towards the other." In *State v. Bennett,* 31 Iowa, 24, it was said that it "leads to the inference that the offense is rather a crime against the partner to the marital relation than against society in general." In *State v. Roth,* 17 Iowa, 336, it was said that the object of the limitation is "to exempt the party from prosecution, unless the husband or wife of such party should commence the prosecution against him or her." In *State v. Oden,* 100 Iowa, 22, it was said that the limitation is "grounded, not in the interests of the public, but in the fact that the offense is primarily against the innocent partner." Some of the language quoted, although applicable to the cases in which it was used, was not strictly correct as statements of rules of general application. For example, under the statutes of this state a single person may commit the crime of adultery, and in such a case, as the prosecution cannot be commenced by the spouse of the person to be prosecuted, it may be commenced, notwithstanding what was said in *Bush v. Workman,* and *State v. Roth, supra,* by the spouse of the person with whom the crime was committed. *State v. Wilson,* 22 Iowa, 364. See, also, *State v. Mahan,* 81 Iowa, 121. Although the crime of adultery may be regarded as primarily an offense against the innocent spouse of the person guilty of it, yet it is also an offense against the state. *State v. Corliss, supra.* It was said in the case last cited that "there are few, if any, offenses that are more directly against the peace, happiness, and good order of society" than the crime of adultery. It appears from the cases to which we have referred that the

statute under consideration is somewhat flexible, meaning the spouse of the person prosecuted when he is married, and, when he is not, the spouse of the person with whom the crime was committed; but whether the marriage relation must exist at the time the prosecution is commenced is a question this court has not heretofore determined. In the case of *State v. Russell,* 90 Iowa, 569, it appeared that the wife of James Coulthard had committed adultery with her co-defend- ant, Burt Russell. The prosecution was instituted by Coul- thard. At that time an action for divorce brought by his wife was pending. She subsequently obtained a divorce and married her co-defendant, before the trial was had. We said that it was only necessary to the prosecution of the case that it be instituted by Coulthard; the divorce and remarriage of the wife after the prosecution was commenced did not cancel the offense, nor bar the prosecution for it. It was held in *In re Smith,* 2 Okla, 153. (37 Pac. Rep. 1099), that under the statutes of Oklahoma a divorce prevents a prosecution for the offense of adultery. But the determination of the question before us depends upon the statute and decisions of this state. The conclusion which may fairly be drawn from them is that the crime of adultery is an offense against the innocent spouse of a person guilty of it, and against the state, for which the divorce and subsequent marriage of the guilty party do not atone, nor constitute a bar to prosecution. The fact that the guilty spouse has obtained a divorce from the one who is innocent does not lessen, nor in any manner affect, the wrong which the latter has suffered; and public policy and considerations of justice would demand the punishment of the guilty, under such circumstances, as strongly as though there had not been a divorce and remarriage. The statute under consideration does not necessarily limit a prosecution to cases in which complaint is made by a person who is the husband or wife of the guilty spouse at the time the complaint is made, but the phrase "the husband or wife" refers to the

relation existing at the time the offense is committed, rather- than to that which exists when complaint is made.

The fact that in this case Worthley, with knowledge. of the crime of the defendant, again married Mrs. Worthley, did not condone the defendant's crime nor affect the demands of justice against him. We conclude that this prosecution was properly commenced on the complaint of Worthley. Our conclusion is authorized by the statute, and is in harmony with considerations of justice and sound public policy.

II.   The appellant contends that the court erred in admitting testimony which tended to show adulterous inter- course at other times than that specified in the indictment. That contains but one count, and charges that the alleged crime was committed "on the 16th day of October, A. D. 1897." It was said in *State v. Donovan,* 61 Iowa, 278, that, "where the charge is of one act of adultery only, in a single count, to which evidence has been given, the prosecution is not permitted to introduce evidence of other acts committed at different times and places." 2 Greenleaf Evidence, section 47, was cited in support of that statement of the law, and it was referred to with approval in *State v. Oden,* 100 Iowa, 22. Counsel for the state deny the correctness of the statement with much earnestness, and cite in support of their denial *Thayer v. Thayer,* 101 Mass. 111; *Com. v. Bell,* 166 Pa. St. 405 (31 Atl. Rep. 123); *State v. Markins,* 95 Ind. 464; 3 Rice Criminal Evidence, section 539; and Bishop Statutory Crimes, section 682. Attention is also called to the fact that in neither of the two cases decided by this court was the statement of law in question necessary to a determination of the case, nor was it, in fact, applied. We do not find it necessary to decide whether the statement correctly represents the law. The state was not required to confine its evidence to the commission of the crime charged on the date specified in the indictment, but was authorized to show

that it was committed at any time within eighteen months preceding the finding of the indictment. *State v. Briggs,* 68 Iowa, 416; Code, sections 5164, 5285. We do not find in the record any admission or testimony which shows that adultery was committed on the date set out in the indictment. The statements in the record are "that the court, over the objection of the defendant, permitted the state to introduce evidence of other and subsequent acts of adultery than that charged in the indictment, to-wit: October 16, 1897," and that, after giving some preliminary testimony, Mrs. Worthley testified, notwithstanding objections of the defendant, "to other acts of adultery with defendant, had subsequent to said date alleged in said indictment, to-wit, October 16, 1897, and continuing until November 7, 1897." Conceding that several acts of adultery were shown to have been committed on different dates, it is not shown which of the acts were first proven. The defendant interposed, to a question which asked Mrs. Worthley to state the various acts of sexual intercourse of which she and the defendant were guilty, an objection to proof of any acts of adultery excepting at the time charged in the indictment. The court overruled the objection, at the same time remarking that "it is probable they will have to elect one or the other of the times," and in response to that the county attorney said, "Yes, that may come later on." It does not appear that the matter was referred to again until after the verdict was rendered. In each of these cases of *State v. Donovan,* 61 Iowa, 278, and *State v. Oden,* 100 Iowa, 22, more than one act of adultery was shown, but the state elected to rely upon the first one proven, and this court held that the defendant was not prejudiced by the proof of more than one act. If the state could have been required to elect upon what act to rely for a conviction, and the defendant desired that such election be made, he should have asked it before the cause was submitted to the jury; and, since he failed to do so, he is not entitled to any relief on the ground that the election was not made.

III.  It appears that the county attorney was assisted in the prosecution of the case in the district court by attorneys who are alleged to have been disqualified, by reason of their connection with another case, to appear for the state in this case.    Section 305 of the Code provides that an attorney "interested in any civil action brought or to be commenced, in which a recovery is or may be asked upon the matters involved in" a criminal prosecution, shall not be allowed to assist the county attorney in such prosecution.   It appears that two weeks before the indictment in this case was found the defendant commenced an action against Herbert Worthley and the father and a brother of Mrs. Worthly, in which he alleged that they had conspired together, and attempted by force to compel him to leave the county, and sought to recover damages for the alleged unlawful acts.    Worthley filed an answer, which contained a counterclaim, in which he averred that Smith had alienated the affections of his wife, and caused them to separate, but expressly stated that criminal intercourse was not charged. Judgment for ten thousand dollars, on account of the alleged wrong, was demanded.   Worthley was represented in that action by the attorneys in question.   It is contended for the state that a recovery was not asked by Worthley in the civil action on account of matters involved in this prosecution, but we do not find it necessary to decide the question thus presented.   It is admitted that the attorneys were not guilty of any intentional wrong.   It is not shown that the court had any knowledge of the civil action, and it does not appear that any objection was made to their appearance before the verdict was returned.   Attention was called to the alleged disqualification of the attorneys for the first time in the defendant's motion for a new trial.   Attorneys who represented the defendants in this case also represented him in the civil case, and they knew, when the trial in the district court was commenced, that the attorneys in question had appeared for Worthley in the civil case.   We think that by failing to object

to their appearance within a reasonable time after the defendant was informed of it, he waived all right which he may have had to object to it. We do not find any prejudicial error in the proceedings in the district court, and its judgment is. AFFIRMED.

DEEMER, J. (dissenting).—If Mary Worthley, instead of remarrying her former husband, had contracted a second marriage with some other person before the commencement of the prosecution, who could or should have made the complaint? The majority opinion does not squarely answer this problem. And yet I think the fair inference is that the first husband, although divorced, may commence the prosecution. This is not, in my judgment, a proper construction of the statute. It is the husband or wife of the injured person at the time the prosecution is commenced who must make this complaint. Such is the proper grammatical construction of the statute, and such construction harmonizes. all our former holdings. The Oklahoma case announces the proper rule, as I understand it. Disturbance of the relation. between husband and wife on complaint of a former divorced. husband is not in accord with my view of sound public policy. If the husband against whom the offense is committed waives. his right to prosecute by securing a divorce from his wife,. he should not be permitted to disturb a second marriage,. entered into in good faith, and with the best of motives. Public policy accords with the proper construction of the statute,. and I think it clear that it is the husband or wife bearing that relation at the time the proceedings are instituted who must. make the complaint. These views are sustained by *State v. Russell,* 90 Iowa, 569; *Bush v. Workman,* 64 Iowa, 206;. *State v. Corliss,* 85 Iowa, 18; *State v. Bennett,* 31 Iowa, 24;. *State v. Oden,* 100 Iowa, 22; *State v. Roth,* 17 Iowa, 336.

II. I am not entirely satisfied with the second division. of the opinion. Impressed, however, that much that is said in the *Donovan* and *Oden Cases* is contrary to the great weight.

of authority, and opposed to sound reason, I am content with the conclusion reached in that branch of the opinion. The judgment should, in my opinion, be reversed.