**STATE of Iowa, Appellee,**

v.

**Robert J. RONEK, Appellant.**

**No. 53712.**

Supreme Court of Iowa.

April 7, 1970.

James H. Reynolds, of Reynolds, Kenline, Roedell, Breitbach & McCarthy, Dubuque, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., and Michael S. McCauley, County Atty., Dubuque, for appellee.

REES, Justice.

Defendant was charged by preliminary information signed by one Otto R. Donath filed in Municipal Court of Dubuque with having committed adultery with Ellen Donath, wife of informant. Subsequently appellant was indicted by the Dubuque county grand jury and pleaded not guilty. He then filed motion to dismiss based on grounds section 702.1, Code, 1966, is unconstitutional for: (1) said statute is an unlawful delegation by the legislature of exclusive authority to institute the criminal charge of adultery, (2) it is an unlawful delegation of power to an individual permitting the individual to choose whom to punish for a crime, (3) it is violative of Amendment 14 of the United States Constitution and Article 1, § 6, of the Iowa Constitution by granting to the offended husband or wife the right exclusive to institute prosecution against either party to an adulterous relationship, (4) it deprives a defendant of his right to equal protection in violation of the last cited constitutional provisions, and (5) it deprives the defendant of due process of law. The motion to dismiss was overruled, defendant withdrew his plea of not guilty, pleaded guilty and was sentenced to a term in jail and assessed a fine, and in its order and judgment the court directed entry of judgment for costs against defendant, including fees paid to defendant's court-appointed counsel. In his motion in arrest of judgment appellant reiterated all of the constitutional questions raised in the motion to dismiss and in addition claimed appellant had been deprived of effective assistance of counsel because of threats of violence to appellant by the prosecuting witness, the husband of defendant's associate in the claimed adultery. The

motion in arrest of judgment was overruled. We affirm the trial court.

Section 702.1, Code, 1966, provides, "Every person who commits adultery shall be imprisoned in the penitentiary not more than three years, or be fined not exceeding three hundred dollars and imprisoned in the county jail not exceeding one year; and when the crime is committed between parties only one of whom is married, both shall be punished. No prosecution therefor can be commenced except on the complaint of the husband or wife."

It is the legal effect of the last sentence of the section appellant contends renders the statute unconstitutional. Appellant makes basically three assignments of error: (1) the overruling of his motion to dismiss and his motion in arrest of judgment on the constitutional grounds set out in said motions, (2) the overruling of his motion in arrest of judgment upon the ground that threats made to appellant by the complaining witness had deprived the appellant of his constitutional right to assistance of counsel, and (3) the court's error in assessing cost of court-appointed counsel against appellant as a part of the court costs.

 I. The constitutional issues presented in appellant's first assignment of error and which were raised in the motion to dismiss filed in advance of the appellant's withdrawal of his plea of not guilty and the entry of his guilty plea and were later raised in the motion in arrest of judgment subsequent to sentence, are all directed at the last sentence of section 702.1, which provides no prosecution for the crime of adultery can be commenced except on the complaint of the husband or wife. The complaint here was made by Otto R. Donath, the husband of Ellen Donath, with whom the defendant pleaded guilty to having committed adultery. Succinctly stated, the appellant's contentions are that the criticized sentence of section 702.1 is violative of the concept of separation or distribution of powers provided for in both the federal and Iowa state constitutions; in other words, is

an undue delegation of powers over criminal law to a private individual. He further contends it is violative of the equal protection clause of both the federal and state constitutions and of the due process as well as the privileges and immunities clauses. Appellant's principal contention appears to be that because the statute gives sole power to the injured or offended spouse to complain, hence, to commence prosecution for adultery, that the legislature has placed judicial powers over criminal law in the hands of a private person in derogation of the separation of powers concept. We do not believe the separation of powers concept has been violated by the legislature in enacting section 702.1, Code. The separation of powers concept, as we understand it, has to do with the distribution of governmental functions as among the executive, legislative and judicial branches of the government, and recognizes the constitutional prohibition against one department's exercising another's powers, since all departments of government derive their authority from the same source, they in equal degree represent the sovereignty, and each within its own sphere is supreme and independent, and the several departments are not merely equal but are also exclusive. Therefore it necessarily follows the enactment of section 702.1 was a proper legislative function. The legislature has the power to proscribe certain acts as crimes and to provide penalties for the violation of the same. Appellant does not seem to question the right of the legislature to define adultery as a public offense, and to fix punishment therefor. Adultery is an offense against the husband or wife of the guilty party, but it is nonetheless an offense against the public for that reason. All offenses against persons or property are in some sense offenses against an injured individual but they are also offenses against the public. The provision in section 702.1 that "no prosecution for adultery shall be commenced but on the complaint of the husband or wife" does not fix the character of the offense. State v. Corliss, 85 Iowa 18, 20, 51 N.W. 1154. The provision is ground-

ed in the regard which the law has for the marital relation and the rights of the husband and wife to condone the wrongs of either toward the other. That the offender cannot be prosecuted except at the instance of the injured husband or wife does not render his crime any the less an offense against the public. State v. Corliss, supra. In determining the question as to whether or not the criticized portion of section 702.1 is an unconstitutional delegation of judicial authority to a private individual, we should consider whether or not it is the result of a constitutional policy determination by the legislature balancing policy considerations with the concept of crimes being injuries to the public. The Minnesota case of State v. Allison, 175 Minn. 218, 220 N.W. 563, was the subject of a comment in 28 Columbia Law Review 1102, 1103. The Minnesota court held the offended spouse could not terminate a prosecution for adultery once she or he had begun it, and the writer of the law review article noted two alternate policy considerations involved in the Minnesota statute which incidentally is virtually indistinguishable from the Iowa statute: (1) the phrase in the statute on commencement of prosecution indicates the state considers the offense primarily an offense against the unoffending spouse rather than against society and will not prosecute except at the request or upon the complaint of the injured spouse, and (2) conceding the offense to be one against society, as Iowa does, State v. Corliss, supra; State v. Clemenson, 123 Iowa 524, 525, 99 N.W. 139, the state is reluctant to prosecute except on the complaint of the offended spouse because of the incidental injury that could result to the innocent spouse and children. Under either policy consideration, the statute makes allowances for a possibility of reconciliation which would not be the case if a prosecuting attorney were to institute prosecution on his own and against the wishes of the offended spouse. These policy factors of course do not apply after a complaint is made and prosecution is commenced. Hence the Iowa rule that prosecution may continue even though the injured spouse recants and wishes to secure a dismissal of the prosecution. State v. Athey, 133 Iowa 382, 384, 385, 108 N.W. 224.

We are unable to divine from the position taken by the appellant that the statute proscribing adultery as a crime and requiring prosecutions to be laid only on the complaint of the husband or wife is violative of the equal protection clause or the due process clause of the federal or state constitution, or is violative in any sense of the privileges and immunities clause of Amendment 14 of the federal constitution. If the appellant has reference to "procedural due process", we are unable to discern any merit to his contention. Further, in view of the pronouncements of the Iowa court that the criticised portion of the adultery statute is procedural only, we are unable to conclude the appellant has been deprived of substantive due process. The appellant complains that the portion of the adultery statute he finds offensive to him is violative of the equal protection provisions of the constitutions, but we might observe in passing it at least affords equal protection to all adulterers, and is a safeguard against a zealous prosecutor, acting independently, from instituting a prosecution and thereby destroying a salvageable marriage. We are also unable to perceive when section 702.1 is offensive as abridging the privileges or immunities of the appellant or anyone in like situation. The constitution of the United States, Article IV, § 2, provides: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states", while Amendment 14, § 1, provides, "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." The guaranty contained in the federal constitution as originally adopted merely limits the power of a state to exclude citizens of other states from the privileges granted to its own citizens, and does not deprive the states of their power to deal with the rights of residents or of ingress or egress therein except to the extent of that limitation. The privileges and immunities so protected are the

fundamental privileges of citizenship. Certainly the legislature of a state may adopt laws defining certain acts as criminal, providing penalties for the violation of the same, and adopting procedural safeguards for the enforcement thereof. As applied to the crime of adultery, we find the Supreme Court of the United States in Southern Surety Co. v. State of Oklahoma, 241 U. S. 582, 36 S.Ct. 692, 694, 60 L.Ed.2d 1187, said, "Adultery is an offense against the marriage relation, and belongs to the class of subjects which each state controls in its own way." We are somewhat intrigued by the appellant's contention that the nature of the marriage relationship in our society has so changed and that the public attitude toward adultery has also so changed as to make the provision of our statute requiring complaints to be made by the husband or wife of the defendant no longer valid or constitutional, and states the changed attitude is reflected in the increased number of divorces and alienation of affection suits. Appellant suggests this court notice the tenor of the times and to conclude that the last sentence of the adultery statute is unreasonable and therefore unconstitutional. Without intending or attempting to moralize, we feel called upon to observe that the legislature, acting properly under our concept of separation of powers, has made adultery a public offense, and has prescribed the punishment therefor, and while it has seen fit to provide that prosecutions can be commenced for the offense only on the complaint of the husband or wife of the defendant, the crime of adultery is nonetheless a crime against society and the public. The contentions of the appellant that the last sentence of section 702.1 is unconstitutional we find without merit.

■ II. Appellant insists in his second proposition relied upon for reversal that the threats made to him by the complaining witness, Otto R. Donath, deprived the defendant of his constitutional right to the assistance of counsel. He contends the threats made to him by the husband of his co-actor in the adulterous relationship reduced the capacity of his counsel to that of an amicus curiae. We note the defendant at his arraignment entered a plea of not guilty. At the time of the entry of the not guilty plea he was represented by counsel other than who represented him in the later proceedings in the trial court and upon the prosecution of this appeal. The attorney who represented the defendant at the entry of the plea of not guilty thereupon withdrew from the case, and by and through his subsequently court-appointed counsel appellant filed his motion to dismiss which has been referred to at length herein. Upon the court's overruling the motion to dismiss, the defendant in open court, accompanied by his counsel, withdrew his plea of not guilty and pleaded guilty, and the following colloquy between court and appellant occurred:

"THE COURT: Very well, the defendant will please rise. Mr. Ronek, your attorney, Mr. Reynolds, has on your behalf entered a plea of guilty to the Indictment charging that you did commit adultery with Ellen Donath, a married woman, in violation of Section 702.1. Is this your plea?

"THE DEFENDANT: Yes, sir.

"THE COURT: Has anyone, Mr. Reynolds or Mr. Schrup, *or anyone else,* (emphasis supplied) made any threats or promises to force you into making this plea?

"THE DEFENDANT: No, sir."

The entry of the plea of not guilty was made on February 24, 1969, and on February 27, 1969, pursuant to order the defendant appeared for sentencing. The record discloses the complaining witness, Mr. Otto Donath, was present in court at the time sentence was imposed, and after sentence was imposed he did make certain threats against the defendant. We are not prepared to say that similar threats had not been made by the complaining witness prior to the entry of the plea of guilty, but we are unable to perceive how and in what manner the threats so made, if any were made prior to the entry of the plea of guilty, deprived the appellant of effective assistance of counsel, or reduced his counsel to the status or capacity of an amicus curiae.

III. At the time sentence was imposed, the court directed the costs of the action, including the costs of court-appointed counsel, should be taxed to the defendant. Obviously, a showing of indigency had been made by the defendant justifying the appointment of counsel for him in the first instance. The trial court had no authority to tax fees paid to court-appointed counsel as a part of the costs. Section 775.5, Code, 1966; Woodbury County v. Anderson, Iowa, 164 N.W.2d 129, 133. The direction of the trial court to tax such fees as part of the costs was error, but without prejudice to the defendant. We must remand with direction to the trial court to re-tax costs without the inclusion of counsel fees.

Finding no reversible error, this cause is affirmed, and remanded with directions to the trial court to re-tax costs in keeping herewith.

Affirmed, and remanded for retaxation of costs.

All Justices concur.