# IN THE COURT OF APPEALS OF IOWA

No. 15-1186
Filed November 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALPHONZO DAVID DILLON JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Louisa County, Mary Ann Brown ,

Judge.


        A defendant appeals his lifetime special sentence of supervision under

Iowa Code section 903B.1 (2011).  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney

General, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Alphonzo Dillon Jr. appeals the district court's imposition of a mandatory lifetime special sentence of supervision under Iowa Code section 903B.1 (2011). Dillon claims the statutory sentencing scheme violates separation-of-power principles because it infringes on the district court's exercise of discretion in sentencing.

On January 3, 2014, Dillon was convicted of lascivious acts with a child, in violation of Iowa Code section 709.8(2). Following an appeal, in which his original sentence was vacated, Dillon was resentenced on July 2, 2015.[1] The district court sentenced Dillon to ten years in prison, ordered he pay a fine, and imposed a mandatory special sentence pursuant to Iowa Code section 903B.1, which committed Dillon to the supervision of the department of corrections for the rest of his life. Dillon appeals.

"We review challenges to the constitutionality of a statute de novo." *State v. Keene*, 629 N.W.2d 360, 363 (Iowa 2001).

Our supreme court had long held the legislature has the power to define criminal acts and provide penalties for the violation of those acts. *State v. Ronek*, 176 N.W.2d 153, 157 (Iowa 1970). Additionally, our supreme court has upheld the legislature's power to enact mandatory sentencing schemes against separation-of-powers challenges on several occasions. *See, e.g., State v. Wade*, 757 N.W.2d 618, 627–28 (Iowa 2008) (upholding mandatory lifetime supervision under Iowa Code section 903B.2); *State v. Phillips*, 610 N.W.2d 840,

---

[1] Dillon was also sentenced on a separate conviction for failure to comply with the Iowa Sex Offender Registry, in violation of Iowa Code sections 692A.111(1) and 692A.104(2).

842–43 (Iowa 2000) (holding statutorily mandated minimum sentences did not infringe on executive branch's power); *State v. Holmes*, 276 N.W.2d 823, 830 (Iowa 1979) ("The power to grant probation is statutorily conferred; therefore, statutory preclusion of probation cannot infringe on judicial authority to exercise discretion in the matter."). It is neither within our power nor our prerogative to overrule our supreme court. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent."). Accordingly, we reject Dillon's challenge to the constitutionality of section 903B.1.

Because we find the mandatory imposition of the special sentence pursuant to section 903B.1 does not violate separation-of-powers principles, we affirm Dillon's sentence.

**AFFIRMED.**