## THE STATE v. SAVOYE.

1. **Criminal Law : CONSPIRACY.** An indictment charging that the defendants did "conspire * * * to cause * * * S. to go with them * * * with the view, purpose and intent, with the intention of bringing about a sham marriage or pretended marriage between her, the said S., and him, the said defendant, and thus bring about the seduction of her, the said S., in violation of law," was *held* to charge a conspiracy to commit a crime.

2. ———: ———: SEDUCTION. It is not necessary that such an indictment should in terms charge that the woman was unmarried and of previously chaste character.

*Appeal from Allamakee District Court.*

SATURDAY, JUNE 8.

THE following indictment was found and duly presented against the defendant:

"The jurors of the grand jury of the State of Iowa within and for said county of Allamakee, legally convoked, impaneled, tried, sworn and charged, in the name and by the authority of the State of Iowa, upon their oaths do aver, find and present that Charles Savoye and Conrad Arnold, at and within said county, on or about the 15th day of August, 1875, with force and arms unlawfully, wickedly, deceitfully, maliciously and injuriously, did conspire, combine, confederate and agree together, to cause, induce, persuade and procure one Mary Ellen Elizabeth Stielsmith, commonly known as Elizabeth or Lizy Stielsmith, she the said Lizy Stielsmith then and there being a minor under the age of twenty-one years, to-wit, nineteen years old, to go with them, the said Charles Savoye and Conrad Arnold, with the view, purpose and intent, with the intention, of bringing about a sham marriage or pretended marriage between her, the said Lizy Stielsmith, and him, the said Charles Savoye, and thus bring

about the seduction of her, the said Lizy Stielsmith, in violation of law.

"And the jurors aforesaid, on their oaths and by the authority aforesaid, do further find and present that the said Charles Savoye and Conrad Arnold, in pursuance and furtherance of, and according to the said conspiracy and agreement between them, the said Charles Savoye and Conrad Arnold, as aforesaid, had, did, on or about the time and place aforesaid, wickedly, falsely, maliciously, unlawfully and injuriously entice, persuade, cause and procure her, the said Lizy Stielsmith, to go in the company and along with them, the said Charles Savoye and Conrad Arnold, with the view of causing her said sham or pretended marriage, and her said seduction with and by him, the said Charles Savoye as aforesaid; and in furtherance of and according to the said conspiracy, combination, confederacy and agreement, the said Charles Savoye and Conrad Arnold then and there did aid, assist and carry away the said Lizy Stielsmith in a certain buggy then and there procured by said Charles Savoye and Conrad Arnold therefor, to a certain woods or piece of timber known by the name of the "North Fork Timber," near by a place commonly known therein as the "Devil's Den," and while then and there as aforesaid, he, the said Conrad Arnold, wilfully and falsely assuming to be an officer who is and was lawfully authorized to perform the marriage ceremony and join in wedlock persons who wish to become married, to-wit: a justice of the peace of said county, who then and there, in furtherance of said unlawful conspiracy and agreement, performed a pretended marriage ceremony or service for her, the said Lizy Stielsmith, and him, the said Charles Savoye, and did then and there, in furtherance of such unlawful conspiracy and agreement, unlawfully pronounce her, the said Lizy Stielsmith, and him, the said Charles Savoye, lawful man and wife; that then and there she, the said Lizy Stielsmith, believing that she was such lawful wife, allowed him, the said Charles Savoye, to then and there

have carnal connection of and with her, the said Lizy Stiel-smith, to the great injury of her, the said Lizy Stielsmith, and to the evil example of others, and contrary to the forms of the statute in such cases made and provided."

The defendant demurred, because—*First*, it nowhere appears from said indictment that the defendants con-spired or confederated together, with intent wrongfully to do any act in violation of the statutes of said State applicable to the crime charged, viz.: that of conspiracy; *second*, the indictment fails to state Mary Stielsmith was at the time an unmarried woman; and, *third*, the indictment shows that a marriage was duly and legally performed, and, therefore, there could have been no seduction.

This demurrer and a motion in arrest of judgment, on sub-stantially the same grounds, were both overruled, and the defendant appeals.

*L. O. Hatch* and *Dayton & Dayton*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

SEEVERS, J.—I.  It is insisted "that it must appear on the face of an indictment for conspiracy that the object of the conspiracy was a criminal one, or that the means to be employed therein were criminal."   *State v. Jones*, 13 Iowa, 269.

1. CRIMINAL law: conspir-acy.

The indictment charges that the defendants "did conspire * * * to cause * * * Mary Ellen Elizabeth Stiel-smith to go with them * * * with the view, purpose and intent with the intention of bringing about a sham mar-riage or pretended marriage between her, the said Stielsmith, and him, the said Charles Savoye, and thus bring about the seduction of her, the said Stielsmith, in violation of law." Now, conceding there are two counts in the indictment, does the foregoing charge a conspiracy with intent to commit a crime?   We think it does charge an intent to accomplish the seduction of the said Stielsmith.   That was the object and

intent of the conspiracy—the end to be accomplished. It is also charged they conspired as to the means to be used, and "thus bring about the seduction of her, the said Stielsmith." It is not a fair construction of the language used to say there was only a conspiracy as to the means to be used, or that it was only to "induce (the woman) to go with the said Charles Savoye and Conrad Arnold," for the object and intent was the seduction of this woman, and seduction of an unmarried female of previously chaste character is a crime. Code, § 3867.

II. Is it necessary that the indictment should charge the

2. ——: ——: woman was unmarried and of previously chaste
seduction. character?

The crime of seduction under our statute is a felony. Code, §§ 3867, 4104. And the statute further provides, "if two or more persons conspire  *  *  *  to commit any felony," they shall be punished, etc. Code, § 4087.

Where the conspiracy is to do a criminal act it is sufficient "if it be described by the proper name or terms by which it is generally known in the law." *State v. Potter*, 28 Iowa, 554, and authorities there cited.

"The gist of the offense of conspiracy is the unlawful combination and agreement. It is not necessary, to constitute the offense, that any overt act should be done in pursuance of such combination and agreement, nor that such overt acts should be alleged." *Alderman v. The People*, 4 Mich., 414. An indictment which charged a burglary or breaking with intent to commit larceny, murder, arson, rape or seduction, without charging the facts necessary to constitute either of said causes, it is believed would be sufficient. To sustain a conviction under such an indictment the alleged intent must have been established, and so, in the case at bar, the object and intent of the conspiracy must be established by the evidence.

III. It is insisted that the facts alleged show there was a marriage binding on both these parties, and, therefore, the

crime of seduction was not committed. As we have seen, it is immaterial whether the object intended be accomplished or not. The crime is complete when the conspiracy is formed, and if this was a "sham and pretended" marriage, the means adopted were unlawful. But, be this as it may, we are unable to say this was a legal, valid, and binding marriage, from the statements in the indictment, and we have nothing else before us.

AFFIRMED.