STATE OF IOWA v. WILLIAM CLEMENSON, Appellant.

Conspiracy to Commit Adultery. A conspiracy to commit adultery is a crime within the meaning of Code section 5059, where the combination was not confined to the immediate parties to the intended crime.

Conspiracy, to Commit Adultery: INDICTMENT. An indictment for conspiracy to commit adultery need not allege that defendant knew that the female was a married woman, such knowledge being included in the allegation of combination to perpetrate the crime.

Knowledge of Female's Marriage: EVIDENCE. In a prosecution for conspiracy to commit adultery, the evidence is considered and held to support a finding that defendant knew the female in question was a married woman.

Conspiracy to Commit Adultery: CO-CONSPIRATOR. Where fornication only is proposed and there is no evidence that a co-conspirator knew the female was a married women, he should be acquitted of the charge of conspiracy to commit adultery.

*Appeal from Hancock District Court.*—HON. CLIFFORD P. SMITH, Judge.

MONDAY, APRIL 11, 1904.

THE defendant, with two others, was indicted for the crime of having entered into a conspiracy to commit adultery. From judgment of conviction, he appeals.—*Reversed.*

*Wesley Aldridge* and *Jno. A. Senneff* for appellant.

*John Hammill* for the State.

LADD, J.—The appellant contends there is no such crime as conspiracy to commit adultery. The statute provides that "if any two or more persons conspire or confederate together with the fraudulent or malicious intent, wrongfully to injure the person, character, business, property or rights in property of another, or to do any illegal act injurious to the public trade, health, morals or police, or to the administration of public justice, or to commit any felony, they are guilty of a conspiracy and every such offender and every person who is convicted of a conspiracy at common law shall be imprisoned in the penitentiary not more than three years." Section 5059, Code. As adultery may be punished by imprisonment in the penitentiary, it is a felony. Section 5093, Code. And, contrary to appellant's suggestion, it is an offense against the state as well as against the innocent spouse. *State v. Corliss,* 85 Iowa, 18; *State v. Smith,* 108 Iowa, 443. The requirement that the prosecution must be commenced on the complaint of the husband or wife pertains to the procedure only. Such complaint is not an element of the offense. *State v. Donovan,* 61 Iowa, 278; *State v. Maas,* 83 Iowa, 469. That it has not been made may operate to withhold authority to prosecute or punish, but this does not affect the question of the actual guilt of the offending party. Nor is the consent of the female essential to constitute the crime. *State v. Sanders,* 30 Iowa, 582; *State v. Donovan, supra; State v. Savoye,* 48 Iowa, 562; *State v. Grant,* 86 Iowa, 216. As adultery is a felony, then, and may

*(margin note: 1. CONSPIRACY to commit adultery.)*

be committed without the consent of the female, and regardless of whether any prosecution is commenced, there is no ground for saying that the offense may not be the subject of conspiracy. This case is readily distinguishable from *Shannon v. Com.,* 14 Pa. 226 and *Miles v. State,* 58 Ala. 390. In those decisions the agreement of a married woman to have intercourse with a man other than her husband was held not to amount to a conspiracy to commit adultery, for that the consent involved was a part of the offense itself. One may aid and abet in adultery without actually participating in the act. *State v. Henderson,* 84 Iowa, 161. And we can discover no ground for saying that a combination to commit the unlawful act, not an agreement between the immediate parties to the intended crime, may not constitute a conspiracy.

II.   The indictment did not allege that the defendant had knowledge that Helen E. Brown was a married woman, nor do we regard this as essential. The gist of the offense is the wicked and unlawful agreement. *State v. Savoye,* 48 Iowa, 562; *State v. Grant,* 86 Iowa, 216. And where this is to perpetrate a crime known to the common law, or defined by the statute in unmistakable terms, all that is necessary is to designate the offense, without describing the overt act accomplished in pursuance of the conspiracy. *State v. Potter,* 28 Iowa, 554; *State v. Savoye, supra; State v. Ormiston,* 66 Iowa, 143; *State v. Grant, supra; State v. Soper,* 118 Iowa, 1. See *State v. Stevens,* 30 Iowa, 391. It may be that there could be no conspiracy to commit such an offense without knowledge of the status of the woman, but, if so, this was necessarily included in the allegation that the combination was to perpetrate that particular crime.

*2. CONSPIRACY to commit adultery: indictment.*

III.   The court instructed the jury that, unless defendant knew that Helen E. Brown was a married woman, he should be acquitted. Appellant insists that the evidence was not sufficient to support the verdict. At the preliminary examination, defendant was a witness, and, according to the magistrate, who

*3. KNOWLEDGE of female: marriage: evidence.*

made minutes of the evidence introduced, testified that, at the time of having intercourse with Mrs. Brown, he knew she was married, but was not living with her husband.    On the trial he testified that she had been married, but that he supposed she had been divorced, and undertook to explain his testimony before the committing magistrate by saying he understood the question asked him to relate to the time of hearing, and that he in fact had found out that she had not been divorced subsequent to the transaction complained of, but before the preliminary examination.    He had been acquainted with her for several years—first as Mrs. Ricord, and since July, 1901, as Mrs. Brown—and gave no reason for supposing that she had obtained a decree of divorce.    In these circumstances, the question of his knowledge was fairly one for the jury to settle.

The court, in another instruction, advised the jury that, in order to convict, one or both of the codefendants also must have known of Mrs. Brown's status as a married woman. 4. CONSPIRACY There was no evidence of such knowledge. to commit adultery: co- While these parties may be presumed to have conspirator. intended the natural consequences of their acts, this does not involve knowledge concerning the status of this woman.    Without such knowledge, it is not perceived how they could have conspired with defendant to have committed this particular crime.    Fornication alone is not a criminal offense in this state, and, for all that appears, this is all that either of the codefendants intended.    We do not decide the point, however, as the state has not argued it; and, in any event, the instruction was the law of the case. •In the absence of any evidence of knowledge on the part of either of the codefendants, the accused should have been acquitted.    RE-VERSED.