### UNITED STATES v. REESE.
#### Crim. A. No. 15861.

United States District Court
E. D. Pennsylvania.
April 9, 1951.

914

W. A. Gay, Jr., Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Hymen Schwartz, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Defendant has been indicted for using the mails in furtherance of a scheme to de-·

fraud in violation of 18 U.S.C. § 1341, and he moves to dismiss the indictment.

The alleged scheme to defraud is set forth in the first count and incorporated by reference in the remaining nine counts. It is charged that defendant advertised in various publications that he had for sale: "Bloodtested chicks. AAA Grade. Rocks, Reds, Crosses, Mixed, our choice $4.50 per 100 C.O.D. Bettie's Chicks, Box 121, Mt. Joy, Penna." Upon receipt of orders, the defendant "would not ship to his Victims any chicks, or if he would ship chicks they would not be as ordered, but would be of weak and sickly quality and/or light breeds rather than heavy breeds, as ordered." A separate paragraph of the count charges that the false representations knowingly made in furtherance of the scheme were:

(a) that the chicks sold by the defendant were bloodtested;

(b) that the chicks sold by the defendant were AAA Grade;

(c) that the defendant was shipping to his customers Rocks, Reds, Crosses, and mixed chicks.

Each of the first eight counts charges the defendant with mailing a parcel post package to a named individual, for the purpose of executing the alleged scheme, while the last two counts charge defendant with mailing a letter addressed to his own firm trade names.

■ Defendant's primary contention is that the indictment fails to charge any crime. There is merit to this contention when directed against the charge that, after advertising for C.O.D. orders, he would not ship any chicks to customers thus ordering. Although it is not necessary for the defendant to have profited from a scheme in order to have violated the law, it is necessary, at least, that he intended to deprive his alleged victims of something of value. Even though the averment should be inconsistent with fraud, however, it does not vitiate the indictment as a whole if the scheme sufficiently appears otherwise. It becomes surplusage and the Government is restricted to other averments. Silkworth v. U. S.,

2 Cir., 10 F.2d 711, certiorari denied 271 U.S. 664, 46 S.Ct. 475, 70 L.Ed. 1139.

■ The court is of the opinion that the scheme is otherwise sufficiently set forth. Defendant urges that it is not indicated how the specified representations were false or fraudulent. The indictment is not a model of precise draftsmanship, yet a consistent and coherent meaning may be drawn from it without difficulty. Defendant has represented that he was selling to his customers bloodtested chicks, AAA Grade chicks, and chicks of specified breeds. Upon receipt of orders for such chicks, defendant did not send chicks of that description. It is further stated, however, in the indictment that he did send chicks of "weak and sickly quality and/or light breeds rather than heavy breeds". Defendant complains that the indictment does not anywhere refer to representations as to quality and weight; and that by sending chicks of "weak and sickly quality and/or light breeds rather than heavy breeds" he has not effected any scheme to defraud, particularly in view of the fact that day-old chicks were involved. It is not immediately evident just what misrepresentation, if any, was carried out by sending chicks of the last quoted description. It may be that the specific representations indicated in the indictment, by reason of terminology peculiar to the business, cover the items of quality and weight. If so, it is a part of the Government's burden to produce proof accordingly. Even if it is considered that there were no representations made with respect to quality and weight, nevertheless the indictment sufficiently delineates false representations and sets forth a scheme to defraud by charging the delivery of chicks not in accordance with the specific representations indicated. The employment of the "and/or" device, of which defendant also complains, while it is regrettable usage, does not render the context unintelligible.

■■ Defendant further urges that the indictment charges that he represented he was shipping to each of his customers "Rocks, Reds, Crosses, and Mixed" chicks, while the advertisement obviously says nothing of the kind. In the first place, the

indictment as drawn does not confine its charge of false representations to the advertisement. In the second place, confining this particular representation to the advertisement, it is clear to this court that the only reasonable meaning, which can be assigned to it, is that the defendant was not shipping any of the specified breeds, or that he was not shipping one or more of them, or a mixture of some or all of them. It would be a descent to the ridiculous to interpret the advertisement, contrary to its own terms, as a representation by the defendant that he was sending all of his customers four types of chicks: Rocks, Reds, Crosses, and mixed. Moreover, it is not essential that all of the particulars alleged be proved; it is necessary only to prove those essential to lay a sufficient foundation for a finding by a jury that a scheme to defraud in substance was devised. Havener v. U. S., 10 Cir., 49 F.2d 196, certiorari denied 284 U.S. 644, 52 S.Ct. 24, 76 L.Ed. 547; Butler v. U. S., 10 Cir., 53 F.2d 800; Rude v. U. S., 10 Cir., 74 F.2d 673. If, for example, the Government proves that the defendant was not shipping any Rocks or any Reds to his customers, in the face of representations knowingly made that he was shipping Rocks and Reds, the Government will have made out a scheme to defraud. The use of the mails is the gist of the offense, and the scheme need not be pleaded with all the certainty required in charging the use of the mails. U. S. v. Lowe, 7 Cir., 115 F.2d 596; Rude v. U. S., supra; Hartzell v. U. S., 8 Cir., 72 F.2d 569. If it is set forth with sufficient particularity to identify it, to enable the defendant to prepare for trial and to enable him to set it up in bar of a later prosecution, it is sufficient.

▬ Defendant objects to counts 9 and 10 because they aver the defendant placed in a mail depository letters addressed to his own trade names, and that such an act could under no circumstances be a part of a scheme to defraud. The indictment as drawn does not necessarily mean that the defendant by his own hand mailed the letter; it could have been placed in a mail depository by one of his alleged victims. Since the purpose of the statute is to prohibit the use of the mails in furtherance of a scheme to defraud and to punish one who procures such use, whether he acts through innocent agents or otherwise; therefore, if, pursuant to a fraudulent scheme a defendant causes a letter addressed to himself to be placed in a mail depository, he commits a crime. U. S. v. Guest, 2 Cir., 74 F.2d 730, certiorari denied 295 U.S. 742, 55 S.Ct. 654, 79 L.Ed. 1688. The statute no longer reads in terms of "cause to be placed", as it formerly did, but by reason of the definition of "Principal" in Section 2 of Title 18, the present terminology of the statute, which is followed in the indictment, may have the meaning of "cause to be placed". See Reviser's Notes to Title 18 U.S.C. § 1341.

Hence, although the indictment now under consideration is not a criterion worthy of imitation, nevertheless, it is intelligible and sets forth with adequate clarity charges which do constitute criminal acts within the meaning of the statute and with sufficient particularity, see U. S. v. Lembo, 3 Cir., 184 F.2d 411; wherefore the court holds the said indictment to be sufficient in law.

The motion to dismiss is hereby denied.