**UNITED STATES of America,
Plaintiff,**

**v.**

**Smith F. BRANDOM, Jr., Defendant.
Crim. A. No. 23031-3.**

United States District Court,
W. D. Missouri, W. D.
Aug. 3, 1970.

**522**

Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Robert G. Duncan, of Pierce & Duncan, Kansas City, Mo., for defendant.

---

## ORDER DENYING DEFENDANT'S "MOTION TO DISMISS AND TO QUASH INDICTMENT"

BECKER, Chief Judge.

In Count one of the indictment returned herein on January 29, 1970, defendant is charged with a "scheme and artifice" during the period April 18, 1962, to and including November 4, 1965, "in the Western District of Missouri and elsewhere" to obtain money and property from the Midwest Mutual Casualty Company and its management company, Gibraltar Management Corporation, and the former's policyholders and claimants and others "by means of false and fraudulent pretenses, representations and promises." It is alleged that the "scheme and artifice" were carried out chiefly by devising to set up a management company, "ostensibly to operate the insurance company, but in reality as a means to withdraw large sums of money from the insurance company, and as a means to keep pertinent information as

to the financial condition of the insurance company from examiners of the Division of Insurance" by carrying out certain acts enumerated in the indictment, including the delivery to the Missouri Division of Insurance by the mails on September 22, 1965, of a false financial statement of the insurance company for the quarter ending June 30, 1965, in violation of § 1341, Title 18, United States Code. Count two charges similar delivery by mail on or about May 25, 1965, of a false financial statement for the quarter ending March 31, 1965; Count three the similar delivery on or about March 2, 1965, of a false financial statement for the quarter ending December 31, 1964; Count four the similar delivery on or about September 3, 1965, of a letter of a "lulling nature relative to submission of financial statements * * * designed to mislead the Division of Insurance into believing that the insurance company's managers were attempting to comply with the requirements of the law and the directives of the Division of Insurance"; Count five, the delivery of a similar letter on or about June 28, 1965, "relative to the submission of the Schedule P portion of the 1964 annual statement of the insurance company"; Count six, the delivery of a letter on or about June 28, 1965, from the Missouri Superintendent of Insurance to the insurance company president, which letter "outlined the policies of that office relative to the insurance company's disregarding of instructions from the Division of Insurance and of certain other practices of the insurance company which were unacceptable to the Division of Insurance"; Count seven, the similar delivery of a letter on or about June 22, 1965, from the Chief Examiner of the State Division of Insurance to the president of the insurance company, "which letter related the failure of Midwest Mutual Casualty Company to complete a portion of the 1964 annual statement"; Count eight, the delivery of a letter on or about June 18, 1965, from George T. O'Laughlin to the Missouri Superintendent of Insurance, "which let-

ter related to the failure of Midwest Mutual Casualty Company to pay claims promptly"; Count nine, a letter from James P. Dalton, counsel of the Division of Insurance, to George T. O'Laughlin on or about June 25, 1965, "regarding the prompt settlement of claims"; Count ten, the delivery of O'Laughlin's letter on or about July 17, 1965, to Dalton, "which letter contained a complaint against Midwest Mutual Casualty Company"; Count eleven, the delivery on or about February 1, 1965, to the Chase Insurance Agency, Inc., 9567 Page Boulevard, St. Louis, Missouri, a letter from the Chief Examiner of the Missouri Division of Insurance, "which letter conveyed information based on a false financial statement dated September 30, 1964, furnished to the Division of Insurance by Midwest Mutual Casualty Company"; and Count twelve charges some 30 overt acts carried out by defendant and his coconspirators in advancing the aforementioned scheme and artifice.

Defendant has now filed his "motion to dismiss and to quash indictment," asserting the following grounds:

"1. Duplicity and multiplicity of charges, and double jeopardy, in that Count One attempts to allege a scheme and artifice to defraud, Counts Two through Eleven incorporate that allegation by reference, and Count Twelve attempts to allege a conspiracy which involves a scheme by the defendant and others to do the things alleged in the other eleven counts, and therefore twelve charges have been alleged against the defendant arising out of the same alleged unlawful conduct which upon the fact of the Indictment involves but one scheme.

"2. The Indictment herein is barred by the statute of limitations, Section 3282, Title 18, U.S.C., in that it alleges upon its face that the scheme, artifice to defraud and conspiracy was (sic) devised and agreed to more than five years prior to the returning of this Indictment.

"3. That if the Court fails to quash the Indictment for the reason set out in Paragraph 2 above, all references in the Indictment, and in Particular Count One, paragraphs 2, and 2(i); Count Three, paragraph 2; Count Five, paragraph 2; Count Seven, paragraph 2; Count Eleven, paragraph 2; and Count Twelve, first paragraph and Overt Acts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 20, pertaining to alleged events occurring or documents prepared before five years immediately preceding the filing of the Indictment herein, be striken (sic) from the Indictment because they are barred by 18 U.S.C. 3282, evidence thereof would be inadmissible and instructions could not adequately and properly limit any evidence admitted under such allegations and the prejudicial effect of such evidence would outweigh the probative value of such evidence, and the possibility and danger that defendant might be convicted for events which are themselves barred by the statute of limitation would be great. Further, the Government should be restrained and admonished not to offer any evidence pertaining to alleged events more than five years old at the time of the filing of the Indictment.

"4. Count Twelve, which purports to allege a federal conspiracy offense, does not allege a federal criminal violation in that the alleged object of the conspiracy was not a federal criminal offense or a fraud upon the United States or an agency thereof.

"5. That the Indictment is so vague and indefinite as to violate the provisions of the Sixth Amendment to the United States Constitution in that it does not advise the defendant of the nature and cause of the accusation against him, and the Indictment is not a plain, concise and definite written statement of the essential facts constituting the offenses attempted to be charged, all in violation of Federal Rules of Criminal Procedure, Rule 7 (c).

"6. That Counts One, Two, Three, Five, Eight and Ten do not state an offense in violation of Section 1341, Title 18, U.S.C. in that they do not allege that the delivery was according to the directions upon such mailed matter or delivered at the place at which it is directed to be delivered by the person to whom it was addressed.

"7. That Counts Four, Six, Seven, and Eleven do not allege an offense under 18 U.S.C. 1341 in that they allege the defendant did 'cause to be placed in an authorized receptacle for mail matter' wherein that statute makes it an offense only when the defendant 'places in any post office, or authorized depository for mail matter * * *'

"8. That the Indictment alleges in Paragraph 2 of Count One that the defendant devised the scheme in the Western District of Missouri 'and elsewhere' and that he obtained money from specified companies, classes of persons 'and other persons to the Grand Jury unknown', and in Count Twelve it is alleged the conspiracy also occurred 'and elsewhere', such allegations are vague and indefinite and should be striken (sic) from the Indictment and the United States Attorney be ordered to file and serve a Bill of Particulars under Federal Rules of Criminal Procedure, Rule 7(f) setting where the exact location of 'elsewhere' and who and what persons the 'others' are.

"9. That throughout the Indictment the allegations are vague and indefinite as to how the defendant caused a piece of mail matter to be delivered or placed in the mail; does not set forth who mailed the items, nor to whom they were delivered; nor does it set forth how or in what manner documents were false; does not allege the amounts of claims, alleged withdrawal or gross premiums, does not set forth what the instructions or directives of the Division of Insurance were; nor does it allege that or how letters were of a 'lulling nature' or who they lulled or who or how they were designed to mislead; nor does the Indictment allege how each alleged mailing was involved in the execution of the scheme and artifice to defraud; and the Indictment alleges numerous other vague and indefinite speculative and conclusionary terms and statements.

"10. That Counts Six, Seven, Eight, Nine, Ten and Eleven on their face show that the mailed matter was not for the purpose of executing the scheme and artifice to defraud, nor that the defendant caused the mailing or delivery of such items within the meaning of the law.

"11. That Count Twelve does not allege that any of the Overt Acts occurred within the Western District of Missouri and therefore the charge does not lie within the venue of this Court."

 Defendant's first contention that the indictment is at once duplicitous and multiplicitous is without merit. Section 1341 of Title 18, United States Code, provides as follows:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be

fined not more than $1,000 or imprisoned not more than five years, or both."

Under this statute, it is clear that the indictment herein clearly charges 11 separate and discrete offenses in furtherance of a scheme to sell spurious obligations or securities. Under this section, "the gist of the offense is the causing of the insertion in the mail of matter intended to be used to effect the scheme to defraud." Atkinson v. United States (C.A. 8) 344 F.2d 97. Each of the first 11 counts charges the causing to be mailed of a separate letter or communication. The last count charges the separate offense of conspiracy. Thus, there is no apparent multiplicity in the indictment. " 'Multiplicity' is the charging of a single offense in several counts." Wright, Federal Practice & Procedure § 142, p. 306 (1969 ed.); United States v. Lubomski (N.D.Ill.) 277 F.Supp. 713; United States v. Mamber (D.Mass.) 127 F.Supp. 925, 927. "Crimes are different when the evidence necessary to establish one differs from that required to establish the other." 1 Wharton's Criminal Law and Procedure § 32, p. 68 (1957); La Page v. United States (C.A. 8) 146 F.2d 536; Wangrow v. United States (C.A. 8) 399 F.2d 106, cert. den. 393 U.S. 933, 89 S.Ct. 292, 21 L.Ed.2d 270. The indictment herein charges distinct offenses in its separate counts.[1] Further, multiplicity may not be a ground for dismissal when it may be remedied by election of counts or by the instructions given by the Court. See 8 Moore's Federal Practice ¶ 8.07 [1], pp. 8–50, 8–51 (1969 ed.); Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L. Ed.2d 773.

■ "Duplicity" in an indictment means the charging of more than one offense in a count. Empire Oil & Gas Corp. v. United States (C.A. 9) 136 F.2d 868. The indictment in this case is not duplicitous. Further, duplicity is usually regarded as a remediable defect in the indictment which may be cured by requiring the prosecution to elect the charge on which it wishes to proceed. Reno v. United States (C.A. 6) 317 F.2d 499, cert. denied 375 U.S. 828, 84 S.Ct. 72, 11 L.Ed.2d 60.

■ Defendant, however, maintains that count twelve duplicates the other eleven counts by charging a conspiracy while the other eleven counts charge acts committed in furthering a "scheme and artifice to defraud." Defendant contends "that a scheme involving two or more people of necessity [is] a conspiracy and visa (sic) versa." In this action, however, the first eleven counts do not charge the scheme as the gravamen of the charge, but rather charge certain acts committed in violation of § 1341, *supra,* in furtherance of the scheme. The conspiracy makes up a separate offense under the statutory scheme. Defendant's alternative contention that, if the arrangement is not multiplicitous, "then there has been a misjoinder under Federal Rules of Criminal Procedure Rule 8(a)", is also without merit. It is well settled that it is not duplicitous to charge substantive offenses and a conspiracy to commit offenses of the same or similar character in the same indictment. Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435.

In support of his contention of double jeopardy, defendant cites the recent United States Supreme Court decisions in Ashe v. Swenson, 397 U.S. 436, 90 S. Ct. 1189, 25 L.Ed.2d 469, and Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435. But, those cases are distinguishable from that at bar when, as pointed out above, the eleven substantive counts herein charge distinctly different offenses based upon different acts than the conspiracy counts or the overt acts charged thereunder.

■ The second contention that the Statute of Limitations has run is also

---

1. In Hanrahan v. United States, 121 U.S. App.D.C. 134, 348 F.2d 363, it was held that when one mail fraud scheme involves several mailings, each mailing constitutes a statutory violation.

without merit. The Statute of Limitations, Section 3282, Title 18, U.S.C., provides that the indictment must be found or the information instituted "within five years next after such offense shall have been committed." The indictment herein was returned on January 29, 1970. Thus, all of the acts charged in the first 11 counts are within five years of that date. Count twelve charges a conspiracy continuously from April 18, 1962, to on or about November 5, 1965. The rule is that a conspiracy is of a continuing nature and the statute of limitations does not therefore begin to run until the last overt act is committed. See Culp v. United States (C.A. 8) 131 F.2d 93. Overt acts within the five years next preceding the return of the indictment are alleged.

For the same reasons, defendant's contention that the overt acts which precede the five-year period next preceding the return of the indictment should be stricken is without merit.

■ Defendant's next contention is that count twelve "does not allege a federal criminal violation in that the alleged object of the conspiracy was not a federal criminal offense or a fraud upon the United States or an agency thereof." The count clearly charges, however, a conspiracy to "commit an offense against the laws of the United States" and "particularly in violation of 18 United States Code § 1341." On a motion to dismiss, the "allegations of the indictment must be accepted as they are written." United States v. Lattimore, 94 U.S.App.D.C. 268, 215 F.2d 847. Under that rule, the contention must be deemed to be without merit. It is conceivable that defendant could obtain a bill of particulars on this count with respect to the specific "laws of the United States" referred to. But he has not specifically moved for such a bill in this case.

■ Fifth. Defendant contends that the indictment in its entirety is so vague and indefinite that it violates his Sixth Amendment right to be advised of the nature and cause of the accusation against him. But the counts are plainly worded and clearly charge specific, separate offenses as noted above. Further, Rule 7(c) of the Federal Rules of Criminal Procedure, requiring plain, concise and definite written allegations, is fully complied with by the indictment.

■ Sixth. Defendant contends that counts 1, 2, 3, 5, 8 and 10 do not state any offense under § 1341, *supra,* in that none of these counts "allege that the delivery was according to the directions upon such mailed matter or delivered at the place at which it is directed to be delivered by the person to whom it was addressed." All of the counts specified, however, allege that the letter was delivered to its addressee and that such delivery was caused by defendant. This constitutes statement of the offense forbidden by § 1341, *supra.* This contention is therefore without merit.

■ Seventh. Defendant complains that counts 4, 6, 7 and 11 do not state any violations of § 1341, *supra,* because they state that the defendant did "cause to be placed in an authorized receptacle for mail matter" the various specified letters and that the "statute makes it an offense only when the defendant "places in any post office, or authorized depository for mail matter" the various letters. It has been held, however, that the word "places" in the statute may have the meaning of "cause to be placed." United States v. Reese (E.D.Pa.) 96 F.Supp. 913. It is not necessary to state that defendant specifically authorized the various letters to be sent; it is enough, rather, if he knows that in the execution of the scheme letters are likely to be mailed and they are in fact mailed. United States v. Sternback (C.A. 7) 402 F.2d 353, cert. denied 393 U.S. 1082, 89 S.Ct. 862, 21 L.Ed.2d 774. The contention is therefore without merit.

Contentions numbered eight and nine, in which defendant complains that the "elsewhere" wherein defendant allegedly devised the scheme is not specified and should therefore be stricken and that the manner in which the mailings were accomplished is not specified and should therefore be stricken, are without merit. As stated above, these counts state clearly an offense has been committed by defendant. While, on a clear request for a bill of particulars, defendant may be entitled to relief in regard to these contentions, he is not entitled to the relief asked for in the motion now under consideration.

Tenth. Defendant contends that counts 6, 7, 8, 9, 10 and 11 "show on their face that the mailed matter was not for the purpose of executing the scheme and artifice to defraud." But the counts objected to specifically state that the mailings were for that purpose. In consonance with the rule of United States v. Lattimore, *supra,* they cannot be dismissed on the contention of the motion, without any further showing.

Eleventh. Defendant contends that venue is not proper in this district because "Count Twelve does not allege that any of the overt acts occurred within the Western District of Missouri." A conspiracy may be prosecuted, however, either in the district where the conspiracy was formed or at any place where any of the overt acts were submitted. Finley v. United States (C.A. 5) 271 F.2d 777, cert. denied 362 U.S. 979, 80 S.Ct. 1065, 4 L.Ed.2d 1014. The count clearly alleges that the conspiracy took place in this district. The contention is therefore without merit.

For the foregoing reasons, all of the defendant's contentions are without merit and his "motion to dismiss and to quash indictment" must be denied. It is therefore

ORDERED that defendant's "motion to dismiss and to quash indictment" be, and it is hereby, denied.