**UNITED STATES of America,**
**Plaintiff,**

v.

**Louis Henry FIGUEREDO, Jr., et al.,**
**Defendants.**

**Cr. No. 72-44.**

United States District Court,
M. D. Florida,
Tampa Division.

Nov. 20, 1972.

John L. Briggs, U. S. Atty., by Bernard H. Dempsey, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff.

Raymond E. LaPorte, Tampa, Fla., for Figueredos Jr. and Sr. and Charline Albritton.

Henry Gonzales, Tampa, Fla., for Omer Thomas Caron.

J. Hardin Peterson, Jr., Lakeland, Fla., for James I. Black.

Richard A. Bokor, Tampa, Fla., for Guy Stein, Sr.

John Demmi, Tampa, Fla., for Manuel Llano.

Clinton Curtis, Lake Wales, Fla., for A. T. Edwards.

## MEMORANDUM OPINION

KRENTZMAN, District Judge.

Eight named defendants are charged in an indictment with conducting an illegal gambling operation in violation of 18 U.S.C. § 1955,[1] and with conspiracy to violate § 1955. Several motions to dismiss the indictment have been filed, and a hearing was held on said motions September 6, 1972. Based upon a consideration of these motions and the grounds urged in support thereof, the following memorandum opinion and order is entered.

Section 1955 was enacted as a part of the Organized Crime Control Act of 1970. This statute prohibits the operation of any "illegal gambling business." An illegal gambling business is statutorily defined as one which; 1) is a violation of state law; 2) involves five or more persons; and 3) has been in substantially continuous operation for over thirty days or has a gross revenue of $2,000 in any single day. Thus, an element of proof in the government's case is that "five or more persons" be shown to have been involved in the gambling business. This requirement was inserted in the statute in order to make the crime federally cognizable. 1970 U.S. Code Cong. & Admin.News p. 4029. Only gambling businesses of a substantial size are proscribed.

### I. Constitutionality of § 1955

■ Defendants contend that § 1955 is unconstitutional in that the penal statute is not based or reasonably related to any Congressional powers. The power of Congress to make federal penal statutes is a limited power. United States v. Cruikshank, 92 U.S. 542, 551, 23 L.Ed. 588 (1876).

In a recent case, however, the Fifth Circuit upheld the constitutionality of § 1955. United States v. Harris, 460 F.2d 1041 (5 Cir. 1972). The Court held that Congress has made a finding that the class and size of activities proscribed have an effect on interstate commerce. As such, the statute is a valid exercise of Congressional power. See also Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971). Other circuits have also upheld the constitutionality of § 1955. E. g., United States v. Becker, 461 F.2d 230 (2 Cir. 1972). The above cases clearly demonstrate the constitutionality of § 1955, and defendants' arguments in this regard are without merit.

### II. Wharton's Rule

■ Defendants contend that they cannot be prosecuted for conspiracy to violate § 1955. The Supreme Court has consistently recognized the rule that the commission of a substantive offense and a conspiracy to commit it are separate and distinct offenses. E. g., Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Defendants urge that an important exception to this doctrine is the rule of law commonly

---

1. § 1955 Prohibition of illegal gambling businesses
   The statute provides in part:
   (a) Whoever conducts, finances, manages, supervises, directs or owns all or part of an illegal gambling business shall be fined not more than $20,000 or imprisoned not more than five years or both.
   (b) As used in this section—
   (1) "illegal gambling business" means a gambling business which—
   (i) is a violation of the law of a State or political subdivision in which it is conducted;
   (ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and
   (iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day.
   (2) "gambling" includes but is not limited to pool-selling, book-making, maintaining slot machines, roulette wheels or dice tables, and conducting lotteries, policy, bolita or numbers games, or selling chances therein.
   (3) "State" means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

known as Wharton's Rule. This Rule states:

"An agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." Anderson, 1 Wharton's Criminal Law & Procedure, § 89, p. 191 (1957).

The theory behind the Rule is that where certain crimes, such as adultery, require the concerted action of two persons, these persons cannot be charged with a conspiracy to commit the offense. "[T]he conspiracy is merged into the substantive offense, or at least is such an integral part of it that the two cannot be considered separate offenses." 11 A.L.R. 196 (1921). This rule of criminal law has long been recognized in federal courts. E. g., Gebardi v. United States, 287 U.S. 112, 53 S.Ct. 35, 77 L. Ed. 206 (1932); United States v. Dietrich, 126 F. 664, 667 (C.C.Neb.1904).

Wharton's Rule has generally been applied to crimes such as abortion, adultery, bribery, incest, and dueling. In each case, the crime cannot be effectuated without the concerted activity of two people. To charge the two persons with both the substantive crime and with a conspiracy to commit the crime would be grossly improper, for the substantive offense cannot logically be committed without a conspiracy. Thus conspiracy is an inherent element of the substantive offense, and should not be made an additional crime.

■■ Conspiracies are made punishable because of the increased danger involved in group offense. A conspiracy is a separate crime because it is felt that when two or more persons combine to accomplish a criminal purpose, the added element of combination is sufficiently evil to be punished separately.

Conspiracy is a crime with common law roots and with an unpopular background. *See* Sayre, Criminal Conspiracy, 35 Harv.L.Rev. 393. Justice Jackson once commented upon the concept of conspiracy as a separate crime:

"[T]he looseness and pliability of the doctrine present inherent dangers which should be in the background of judicial thought wherever it is sought to extend the doctrine to meet the exigencies of a particular case."

Krulewitch v. United States, 336 U.S. 440, 449, 69 S.Ct. 716, 721, 93 L.Ed. 367 (1949) (Jackson, J., concurring).

The Supreme Court has indicated that it will view with disfavor attempts to broaden the scope of conspiracy prosecutions. Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957). When seen in this context, Wharton's Rule presents itself as a logical limitation on the use of conspiracy charges by prosecutors.

In the instant case the elderly and respectable Rule runs up against a modern penal statute directed toward organized crime activities of a sufficiently large size to come within the ambit of federal jurisdiction. Consideration of the problem by federal courts in two circuits have resulted in different holdings.

In United States v. Greenberg, 334 F. Supp. 1092 (N.D.Ohio 1971), the Court applied Wharton's Rule and held that thirteen defendants therein could not be charged with a conspiracy to violate § 1955. That Court stated:

" . . . Congress has made the offense federally cognizable only when there are five or more participants. One of the bases of federal intervention is a concert of action between the parties. In other words, the offense is one involving the element of *concursis necessarius*. That is, it is absolutely necessary that there be a plurality of parties and it is necessary that there be concerted action among them. It therefore appears that a charge of conspiring to commit the offense should not be maintainable." *Id.* at 1095

The Second Circuit, however, disagreed with the *Greenberg* result. In United States v. Becker, 461 F.2d 230 (2

Cir. 1972), that Court held that Wharton's Rule had no application where more than five persons were charged with violating § 1955. Since § 1955 requires only five persons to be involved in the gambling operation, the Court held that charging more than five persons brought the case outside of the application of the Rule. Citing a recent case in that circuit,[2] the Court stated that:

"[A]s long as the conspiratorial concert of action and the substantive offense underlying it are not coterminous and fewer participants are required for the commission of the substantive offense than are named as joining in a conspiracy to commit it, there is no infirmity in the conspiracy indictment." *Id.* at 234.

A lower court in the Second Circuit has conformed to the Becker holding. United States v. Mainello, 345 F.Supp. 863, 883 (E.D.N.Y.1972). Under this line of cases, Wharton's Rule is neatly side-stepped by the simple prosecutorial expediency of charging more than five persons with both the substantive crime and conspiracy to violate it.

The question *sub judice* does not appear to have been considered by the Fifth Circuit Court of Appeals. *Harris, supra,* makes no reference to it. This Court has obtained a copy of the indictment which was before the *Harris* court and it is a one count violation of Section 1955. Resolution of the problem requires, among other things, a careful analysis of Wharton's Rule and the various exceptions which have been applied to it. Wharton's Rule has a valid place in modern criminal law. Even though the Rule was designed in relation to common law crimes necessarily involving two persons, 1955 is a statute logically connected to such crimes. One man alone cannot violate § 1955; indeed, any number of persons less than five cannot violate the statute. At least five persons must be involved in the gambling business. Thus, each would be guilty if, and only if, at least four others were also involved. Concerted action is of the essence in this crime.

There are four generally recognized exceptions to the application of Wharton's Rule. *See* Anderson, 1 Wharton's Criminal Law & Procedure § 89, pp. 191–94. The Rule does not apply when the offense could be committed by one of the conspirators alone. *E. g.,* Chadwick v. United States, 141 F. 225 (6 Cir. 1905). This exception has no application with regard to § 1955, as five persons *must* be involved.

It could be argued that under § 1955, only one person could be charged with the crime. This does not, however, affect the application of the Rule. In any of the crimes coming within the Rule, only one of the participants could conceivably be charged. For instance, only one duelor might be charged, but this does not affect the fact that at least one other person necessarily committed the crime with the one charged. In the instant case, if only one defendant were charged in the indictment, at least four others would have to be shown to have necessarily committed the crime, or else the statute was not in fact violated.

The Rule has been rejected when concerted action was not logically necessary, even though as a practical matter the offense could not be committed without cooperation. *E. g.,* Lisansky v. United States, 31 F.2d 846 (4 Cir. 1929). In the latter case defendants were charged with conspiring to defraud the government by filing an improper partnership tax return. The Court noted that, unlike dueling, such a crime could logically be committed by a single individual.

It has also been held that the Rule does not apply if the law defining the substantive offense does not specify any punishment for one of the necessary participants. *E. g.,* Vannata v. United States, 289 F. 424 (2 Cir. 1923). Under § 1955, all five or more defendants can be found guilty of the substantive offense and sentenced under the provisions of the statute.

2. United States v. Benter, 457 F.2d 1174, 1178 (2 Cir.1972).

The exception which has the most relevance to the instant case is the "third person" exception to the Rule. Under this exception, the Rule is limited to cases where the essential participants are the only conspirators. When those whose cooperation is necessary for the commission of the substantive crime conspire with another person to commit the offense, all are guilty of conspiracy. For example, when a third person conspires with a man and a woman for the commission of adultery by the latter two, all three are guilty of conspiracy. State v. Clemenson, 123 Iowa 524, 99 N. W. 139 (1904).

The third person rule has no application in the instant case. The argument cannot be made that the three "extra" defendants (there are a total of eight defendants charged) are "third persons." They, too, could be found guilty of the substantive charge, unlike the adultery "matchmaker" in the *Clemenson* case. In that case, the commission of adultery was compounded by the additional element of a combination between the adulterors and the third person. In the instant case, the added element of the alleged agreement between all eight defendants amounts to nothing that was not already present in the alleged commission of the crime. Thus the exception is not applicable.

The *Becker* case, which held that Wharton's Rule is not applicable to § 1955 charges when more than five defendants are charged, ultimately rested on a mistaken use of the third party exception. In support of its holding, *Becker* cited United States v. Benter, 457 F.2d 1174, 1178 (2 Cir. 1972). That case involved a conspiracy to commit bribery as a government employee. The Court held that Wharton's Rule did not apply because "here the agreement involved more participants than were necessary for the commission of the substantive offense." *Id.* at 1178.

In support of that statement, the *Benter* court cited United States v. Smolin, 182 F.2d 782, 786 (2 Cir. 1950). In the *Smolin* case, three persons were charged in a conspiracy to sell and receive stolen goods. The third person was a "go-between," and thus not a necessary participant in the substantive offense. The Court stated:

"While the crime of receiving and possessing stolen goods necessarily involves the cooperation of the thief and the buyer, it does not necessarily involve the cooperation of the buyer and a go between. . . ." *Id.*

The line of cases upon which the *Becker* Court relied were thus examples of the third party exception. The language which the prior courts employed was misleading and painted too broad an exception over Wharton's Rule. *See* also Baker v. United States, 393 F.2d 604, 610 (9 Cir. 1968). These statements, taken out of context, imply that the mere number charged in the indictment takes on a talismanic quality which obviates the application of the Rule. It is not, however, the mere number charged, but rather the nature of the "extra" defendants, which determines the result in the individual case. As Justice Holmes once commented: "To rest upon a formula is a slumber that, prolonged, means death." Holmes, Collected Legal Papers, p. 306.

Applicable rules of statutory interpretation should be considered. Under the "rule of lenity," Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955), ambiguities in penal statutes should be resolved in favor of the defendant. "This policy of lenity means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." Ladner v. United States, 358 U.S. 169, 178, 79 S. Ct. 209, 214, 3 L.Ed.2d 199 (1958).

The Supreme Court in one case did not apply the rule of lenity to a case involving a conspiracy, but the Court stated in significant dictum:

"Here we have no such dubieties within the statute itself. Unlike all of

these cases, the problem before us does not involve the appropriate unit of prosecution . . . *nor is it an open question whether conspiracy and its substantive aim merge into a single offense."* (Emphasis added.) Callanan v. United States, 364 U.S. 587, 597, 81 S.Ct. 321, 327, 5 L.Ed.2d 312 (1961).

Applying these legal principles, any ambiguity involved in the instant case should be resolved in favor of the defendants.

Another new statute, § 1511 was enacted contemporaneously with Section 1955. The relevant provisions of Section 1511 prohibit conspiracies of two or more persons to obstruct the enforcement of state or local criminal laws with the intent to facilitate an illegal gambling business of five or more persons. In this statute, Congress has carved out a conspiracy offense with regard to illegal gambling businesses. Congress has thus demonstrated an ability to separate a conspiracy offense from the general evil of illegal gambling businesses. In § 1511, the conspiracy elements of obstructing justice are easily distinguishable from the inherently conspiratorial aspects of § 1955.

In support of its contention that conspiracies can be charged under § 1955, the government points to 18 U.S.C. § 2516. That statute authorizes wiretaps for specific crimes. In a long list of the applicable crimes, subpart (c) lists § 1955 crimes, and subpart (g) lists "any conspiracy to commit any of the foregoing offenses." The government's contention is without merit. Subpart (g) was directed to only those crimes for which conspiracy charges could be brought. For example, subpart (c) also listed § 1511, a conspiracy statute. There is obviously no such crime as a conspiracy to conspire.

The government also contends that the five person requirement in § 1955 is a mere jurisdictional element of the crime and does not go to the essence of the offense itself. Under this argument, §

1955 forbids anyone individually to operate an illegal gambling operation if its scope is so large as to make use of as many as five people in its operation.

■ But the element of proof in the government's case would be that five or more persons were involved in the gambling business. Thus, group activity is a necessary element of the offense. The government admits that this is not a crime for which a "sole proprietor" of a local bookie operation could be found guilty. This Court realizes that the five person requirement was placed in the statute to bring the activity within federal cognizance. Once put in the statute, however, this "jurisdictional" element makes the crime one of group activity. A group conspiracy is a logical and necessary prerequisite to commission of the substantive offense by any one of the defendants. To then charge that same group with conspiracy is the result to which Wharton's Rule directs itself.

■ The objection to charging a conspiracy to violate § 1955 is not one of multiplicity. Multiplicity is the charging of one offense in several counts. United States v. Brandom, 320 F.Supp. 520, 525 (W.D.Mo.1970). Multiplicity may be remedied by election of counsel or by instructions given by the Court. *Id.* Where Wharton's Rule is applicable, however, conspiracy simply cannot be charged; the conspiracy count must be dismissed. See Gebardi v. United States, 287 U.S. 112, 53 S.Ct. 35, 77 L. Ed. 206 (1932); United States v. Zeuli, 137 F.2d 845 (2 Cir. 1943). Accordingly, an order will be entered dismissing Count I of the indictment against the eight defendants.

### III. Alleged Insufficiency of Count II

■ Defendants attack Count II of the indictment on various grounds, including failure to allege requisite statutory elements under § 1955, vagueness, and duplicity. The Court finds that Count II does sufficiently allege the size and scope of the alleged gambling operation. In addition, the Court finds that Count II sufficiently charges defendants

with a violation of § 1955. See Esperti v. United States, 406 F.2d 148 (5 Cir. 1969). The count describes the duration and size of the gambling business and the Florida Statutes which were violated.

Count II of the indictment alleges that the eight defendants did "conduct, finance, manage, supervise, direct *and* own" an illegal gambling business. (emphasis added). The fact that defendants are charged in the conjunctive "and" rather than the disjunctive "or" is of no moment. In United States v. McCann, 465 F.2d 147, 5 Cir., 1972, the Court of Appeals stated:

> "Where a statute specifies several alternative ways in which an offense may be committed, the indictment may allege the several ways in the conjunctive, and this fact neither renders the indictment bad for duplicity nor precludes a conviction if only one of the several allegations linked in the conjunctive in the indictment is proven." 465 F.2d at 162.

For the foregoing reasons, the motions of the defendants to dismiss Count II will be denied.