Frank **JURECZKI**, Plaintiff-Appellant, Cross-Appellee,

v.

The **CITY OF SEABROOK, TEXAS**, et al., Defendants-Appellees, Cross-Appellants.

No. 84–2272.

United States Court of Appeals, Fifth Circuit.

May 20, 1985.

Rehearing and Rehearing En Banc Denied June 17, 1985.

Thomas C. Petley, Houston, Tex., Joel J.
Reinfeld, Hackensack, N.J., for plaintiff-appellant, cross-appellee.

Saccomanno, Clegg, Martin & Kipple,
Bruce L. James, Houston, Tex., for defendants-appellees, cross-appellants.

Before WISDOM, WILLIAMS, and
HILL, Circuit Judges.

WISDOM, Circuit Judge:

Frank Jureczki was arrested twice in two
weeks for three violations of the City of
Seabrook's Comprehensive Zoning Ordinance after he constructed a flammable,
thatched roof sun barrier adjacent to his
restaurant without first obtaining a building permit for new construction. On August 4, 1980, he brought an action for
equitable relief and monetary damages under 42 U.S.C. § 1983 (1982), the Fourteenth
Amendment of the U.S. Constitution, and
the Constitution of the State of Texas. Jureczki sought such relief against the City
of Seabrook, Texas; Bill Kerber, the Chief
of Police; Curtis White, the City Building
Inspector; and Steven Walters, the City
Manager. In his complaint the plaintiff
contended that he was denied due process
because he was not notified of the violation
and was not given a reasonable time to
comply before he was arrested and subjected to criminal proceedings.

After the first arrest, Jureczki applied
for and was granted a permit with instructions to move the building, add a rafter,
and replace the thatched canopy with a
corrugated tin roof. Six days after the
permit was granted, Jureczki was arrested
again for failure to correct past violations,
brought to jail, booked, photographed, and
fingerprinted. On appeal, in the trial *de
novo* in Harris County court, all three
cases were dismissed on the prosecutor's
motion, on the ground that "No written
notice of violation, or instructions to provide for compliance, were given plaintiff as
required by the City ordinance alleged in
its inclusion of Standard Building Code
1976 Edition, was given".

The district court dismissed Jureczki's
complaint. We reversed and remanded to
the district court with instructions to conduct a hearing on the defendants' motion to
dismiss and on the issue of damages should
there be a trial on the merits. *Jureczki v.
City of Seabrook*, 5 Cir.1982, 668 F.2d 851.
Jureczki amended his complaint to add an
equal protection claim based on selective
enforcement of Seabrook's building code.
The district court conducted a trial before a
jury on the merits and directed a verdict
for the defendants at the close of trial. On
appeal, Jureczki makes three main contentions. First, he argues that the alleged
malice of the building inspector, White,
caused White to file an inaccurate and incomplete complaint, which resulted in Jureczki's arrest and violated his due process
rights. Second, Jureczki argues that
White's failure to observe his alleged custom of first issuing warnings to violators
of the Standard Building Code constitutes a
violation of equal protection rights. Finally, Jureczki contends that the district court
erred in holding that the Standard Building
Code does not require notice to violators
before their arrest. We find no reversible
error and accordingly affirm.

## I. DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS OF LAW

■ Jureczki contends that his Fourth Amendment rights were violated when White placed "incomplete, inaccurate and highly prejudicial information" before the Texas judge who issued the arrest warrant for Jureczki. Jureczki argues that White's improprieties in the *procurement* of the arrest warrant, as opposed to mere reliance on an existing order, places the defendants outside the immunity of *Baker v. McCollan,* 1979, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433. In that case, the Supreme Court held that a sheriff could not be liable under section 1983 for acts or omissions in reliance on a facially valid court order. *Id.* at 145–46, 99 S.Ct. at 2695, 61 L.Ed.2d at 442–43.

The argument has some legal foundation. This Court, for example, has held defendants liable under section 1983 for improper conduct in the procurement of a search warrant. *Baskin v. Parker,* 5 Cir.1979, 602 F.2d 1205. More recently, the Seventh Circuit expressly declined to apply *Baker's* grant of immunity to an officer in the procurement of a warrant. In *Whitley v. Seibel,* 7 Cir.1980, 613 F.2d 682, *cert. denied,* 1982, 459 U.S. 942, 103 S.Ct. 254, 74 L.Ed.2d 198, the Court held:

"It appears from the testimony that had that assistant state's attorney been fully and honestly briefed by the defendant and had not been misled, it is very doubtful that the arrest would have been authorized.... We do not believe that kind of behavior by an officer to accomplish an arrest may be excused by the *Baker* holding...." Although some of the defendant's acts of omission may have been only negligent, there is a strong suggestion of intentional and concealed corner-cutting to accomplish the arrest."

*Id.* at 686. The Tenth Circuit has also held that *Baker's* proscription does not apply to arrests occasioned by a police officer's false statements to other law enforcement officials, *McKay v. Hammock,* 10 Cir.1984, 730 F.2d 1367, 1374. Our own Court has upheld an award of damages against a municipality after an officer negligently prepared an affidavit for the plaintiffs' arrest. *Garris v. Rowland,* 5 Cir.1982, 678 F.2d 1264, *cert. denied,* 1982, 459 U.S. 864, 103 S.Ct. 143, 74 L.Ed.2d 121.

In each of these cases, however, the state had to concede that the search or seizure was undertaken without probable cause. In *Baskin,* the affidavit for the search warrant was based on information that police knew or should have known was prejudiced and unreliable, 602 F.2d at 1207; in *Whitley,* the police officer failed to disclose certain facts that eliminated any probable cause, 613 F.2d at 686; in *McKay,* the plaintiff was arrested in violation of the assurances of safe-conduct in his bond, 730 F.2d at 1372; and in *Garris,* the affidavit for the arrest warrant contained false statements and the jury found that there was not probable cause for his arrest, 678 F.2d at 1270–71.

In the instant case, by contrast, we find no such failings in the affidavits or in the arrests. It is undisputed that Jureczki had violated Ordinance No. 78–12 of the Southern Standard Building Code. Jureczki concedes, as he must, that the complaint filed by White was therefore valid in alleging a violation of Ordinance No. 78–12. He points to no omissions or misstatements that, if corrected, would eliminate probable cause. It is also beyond contention that Judge Pirtle was within the law in issuing either an arrest warrant or a summons upon the filing of a criminal complaint. Tex.Crim.Proc.Code Ann. §§ 2.09, 15.03 (Vernon 1977 & Supp.1985).

Jureczki argues on appeal that the arrest warrant was not valid because in filing the complaint before Judge Pirtle, White was acting maliciously. White's malice, which we may assume for purposes of this appeal from an adverse directed verdict, is irrelevant in obtaining a warrant where probable cause exists. A judge's determination of probable cause breaks the chain of causation and insulates the initiating party from liability. *Smith v. Gonzales,* 5 Cir.1982, 670 F.2d 522, 526, *cert. denied,* 1982, 459

U.S. 1137, 103 S.Ct. 772, 74 L.Ed.2d 984. This Court held in *Gonzales* that even if the officer seeking the warrant has acted maliciously in procuring these warrants, and even if that action results in false arrest, an intermediary's decision to issue a warrant insulates the malicious action from liability. *Id.* If there exists probable cause at the time, the arrest is constitutional. The evil intent or bad faith of an officer in obtaining or executing a valid warrant cannot transmute an arrest made with probable cause into a section 1983 violation, just as an officer's good intent is irrelevant when he contravenes settled law.

## II. ALLEGED VIOLATIONS OF EQUAL PROTECTION

Jureczki argues that he has been subjected to a violation of the equal protection clause because White allegedly failed to follow his alleged custom of first warning a violator of the possibility of summons or arrest and then allowing the violator to correct the deficiencies. Jureczki contends that he was not accorded the benefit of these gentler preliminaries but was instead summarily arrested for his violations. He further contends that he is the first person in Seabrook to have been arrested for building code violations. In his brief Jureczki urges this Court to find a violation of his equal protection rights, because "he was subject to a purposeful distinction and thereby treated in a different manner from other people".

 The district court held that since Judge Pirtle issued the warrant independently of White, and since the warrant was based on probable cause, there was no equal protection violation. Our Court has since held that unequal application of facially valid building regulations can result in equal protection violations. *Bennett v. City of Slidell,* 5 Cir.1984, 728 F.2d 762. Our own review of the evidence, however, convinces us that there was no disparate treatment. White did in fact attempt to contact Jureczki several times before issuing the complaint. The district court found: "White testified that he made several unsuccessful attempts on July 15 and 16, 1980, by phone and personal visit to the Shrimp Hut to contract Jureczki regarding building a structure in violation of Ordinance 78–12." The first complaint was not filed until July 17. White therefore attempted to follow his custom of notifying violators. The record shows that White had reason to act with dispatch: The thatched roof canopy was flammable and presented a fire hazard to those who sat under it. Jureczki cannot construct a constitutional violation because of his own unavailability. Finally, evidence discloses that Judge Pirtle had just recently come on the bench and had independently decided to issue arrest warrants rather than summons upon receipt of a complaint from the building inspector. Jureczki's misfortune in being the subject of the first complaint that Judge Pirtle received after this completely proper decision similarly does not rise to the level of a constitutional wrong. We affirm the district court's directed verdict on the equal protection allegations.

## III. WRITTEN NOTICE FOR VIOLATIONS OF THE BUILDING CODE

 The district court carefully considered Jureczki's contention that the building inspector must give notice for any violation of the Code and must provide the person in violation with an opportunity to cure before taking any other action under the Code, such as seeking a summons or a warrant. The judge reviewed not only the sections that Jureczki allegedly violated but also related provisions. He concluded that notice was not necessary for work that was substantially completed. We usually defer to the district judge in matters of local law. See *Black v. Fidelity & Guaranty Insurance Underwriters, Inc.,* 5 Cir. 1978, 582 F.2d 984, 987, holding that "when state decisional law affords no guidance, the interpretation of the district judge, who is well versed in the intricacies and trends of local law, is entitled to great deference". We find that the district court's analysis of the Standard Building Code is thorough and reasonable, and accordingly affirm its holding that Jureczki was not entitled to notice.

## IV. CONCLUSION

Jureczki's allegation that the district court erred in granting the defendants' motion for a directed verdict on the conspiracy count is frivolous. There was no evidence that White and Walters ever conferred with Judge Pirtle, and testimony at trial shows that the conversations between White and Walters concerned only the propriety of filing criminal complaints with the Municipal Court.

We have examined Jureczki's other claims on appeal and similarly find no reversible error.

Jureczki may or may not have been treated unfairly, but five days of trial testimony show that he was denied neither due process nor equal protection. The complaint was accurate and contained no material omissions. It constituted probable cause for an arrest. Neither the complainant nor the municipal judge violated Jureczki's due process rights. Testimony at trial, read in whatever light, failed to establish a sufficient factual basis of disparate treatment to substantiate an equal protection violation. We agree with the district court's interpretation that Jureczki was not entitled to notice under the applicable provisions of the Standard Building Code. The district court's opinion is hereby AFFIRMED with costs of the appeal to be charged to the plaintiff.