**Darrell Chester THOMAS, Appellant,**

v.

**MARION COUNTY, Iowa, and Fareway Stores, Inc., Appellees.**

No. 01–1154.

Supreme Court of Iowa.

Oct. 9, 2002.

D.M. Statton of Thomas J. Reilly Law Firm, P.C., Des Moines, for appellant.

Andrew D. Hall and Clark I. Mitchell of Grefe & Sidney, P.L.C., Des Moines, for appellee Marion County.

Sharon Soorholtz Greer of Cartwright, Druker & Ryden, Marshalltown, for appellee Fareway Stores, Inc.

PER CURIAM.

Authorities in Marion County arrested the wrong man for writing a bad check. The innocent victim reacted to this outrage by suing the wrong defendants. This is an appeal from summary judgment dismissing the suit. We affirm.

The plaintiff, Darrell Chester Thomas, is the father of Darrell Lee Thomas. Father and son live at the same address. Darrell Lee wrote a check on insufficient funds to defendant Fareway Stores, Inc. When Darrell Lee failed to make reparations, Fareway filed a complaint with the Marion County attorney, correctly naming Darrell Lee as the writer of the check and correctly listing his address and social security number. The county attorney then filed fifth degree theft charges against Darrell Lee.

Darrell Chester thereafter paid Fareway the amount of the check plus associated costs and was given a receipt. The county attorney was notified of this payment, but has a policy of ordinarily pressing forward with pending charges when reparations are not made until after charges are filed. Meanwhile, a judge found probable cause existed to support the charges against Darrell Lee.

For some reason the summons on the charges was issued by a deputy clerk of court, not to Darrell Lee, but incorrectly to Darrell Chester. When Darrell Chester failed to appear in response to the summons, the judge ordered the arrest of the person named in the complaint who of course was Darrell Lee. The same day the clerk issued an arrest warrant, again incorrectly naming Darrell Chester. Darrell Chester was arrested, taken to jail, booked, required to don jail attire, and brought before the judge. He pled not guilty and on the same day was released on his own recognizance. The charges were dismissed several days later.

Darrell Chester brought this suit against Fareway and Marion County, alleging negligence, false arrest and abuse of process. The trial court dismissed the suit against Fareway, holding the facts alleged did not amount to actionable negligence or abuse of process. Claims against Marion County were dismissed on a holding that Marion County was neither liable for any negligence perpetrated by the clerk of court nor responsible for the arrest. Our review is on error. *McComas–Lacina Constr. Co. v. Able Constructors*, 641 N.W.2d 841, 843 (Iowa 2002). We assume the facts to be as alleged in the petition. *Kelly v. Iowa Mut. Ins. Co.*, 620 N.W.2d 637, 641 (Iowa 2000).

■ **I.** Darrell Chester's claim against Fareway proceeds from his belief that Fareway violated a duty that arose only after he made good on his son's bad check. He alleges four grounds of negligence: (1) Fareway's failure to "dismiss the criminal charges," (2) its failure to "notify Marion County that the check was paid," (3) "causing [his] arrest by Marion County sheriff's office," and (4) "failing to follow Marion County's specific instructions concerning dismissal of criminal charges...."

■ The controlling question, a strictly legal one, is whether Fareway owed Darrell Chester a duty. *Engstrom v. State*, 461 N.W.2d 309, 315 (Iowa 1990). It is a fundamental principle of tort law "that violation of a legal right by a wrongdoer is a prerequisite to obtain redress for a claimed wrong." *Id.* Both the facts and the law belie existence of any such duty here. No factual allegation suggests any conduct by Fareway that would implicate Darrell Chester. Fareway's only conduct was to correctly charge that Darrell Lee wrote an insufficient-funds check. Fareway was a complete stranger to the fiasco that drew Darrell Chester into the matter.

■ Clear Iowa law vests the county attorney with dominion over the filing of criminal charges. *State v. Iowa Dist. Ct.*, 568 N.W.2d 505, 508 (Iowa 1997). The complainant (in this case, Fareway) certainly does not have any such dominion. The black letter rule of law is:

> Ordinarily, the complainant has no right to withdraw the complaint, since it is the public which has been injured by the commission of a crime; and certainly the complainant should not be permitted to withdraw criminal charges in consideration of the payment of money.

22 C.J.S. *Criminal Law* § 333 at 398 (1989) (citations omitted).

Iowa has applied the rule even in rare prosecutions for adultery, which required a specific complainant to instigate charges. *State v. Ronek*, 176 N.W.2d 153, 157 (Iowa 1970); *State v. Athey*, 133 Iowa 382, 385, 108 N.W. 224, 225 (1906). The trial court was correct in dismissing the negligence claim against Fareway.

■ The abuse of process claim against Fareway also fails. There are three elements in such a claim: (1) the use of a legal process, (2) its use in an improper or unauthorized manner, and (3) resulting damages. *Fuller v. Local Union No. 106 of United Bhd. of Carpenters & Joiners of Am.*, 567 N.W.2d 419, 421–22 (Iowa 1997). Abuse of process claims routinely fail under the high burden we require for the second element. *Id.* at 422. Darrell Chester argues that Fareway filed the charge only to collect its debt and this was improper. We seriously doubt, under the facts alleged here, that mere filing satisfies the second element. We however rest our affirmance on the obvious fact that Darrell Chester's damages in no way resulted from Fareway's filing, but stemmed from mistakes made by the clerk's office in acting on Fareway's correct information.

Summary judgment was properly entered for Fareway on this claim.

■ **II.** Plaintiff's claim against Marion County is in two counts. The first is again for alleged negligence. This claim, whatever its underlying merit, cannot be asserted against Marion County unless the mistakes of the clerk's office can be ascribed to Marion County. They cannot be. Since 1983 the office of clerk of district court in all Iowa counties has been a part of the judicial branch of state government. Iowa Code § 602.1102(4) (2001). In order to disseminate court services to the public, clerk's offices necessarily are housed in county courthouses. But they are not a part of county government. Clerks are appointed by district court judges and are subject to the rules, directives, and procedures of our branch of government. Iowa Code § 602.1215(1), (4). Like the trial court we can see no way Marion County should be called to answer for the negligence of one of our judicial officers.

■ **III.** Darrell Chester also asserts a claim against Marion County for false arrest. Such a claim has two elements: "(1) detention or restraint against one's will, and (2) unlawfulness of the detention or restraint." *Kraft v. City of Bettendorf*, 359 N.W.2d 466, 469 (Iowa 1984); *Children v. Burton*, 331 N.W.2d 673, 678–79 (Iowa 1983). The claim here fails on the second element. So far as Marion County is concerned, the arrest was lawful. The district court issued a warrant that was facially valid. This protected the arresting officer, acting for Marion County, from any liability. *Wilson v. Lapham*, 196 Iowa 745, 751–52, 195 N.W. 235, 238 (1923) (citing universal rule that, where arrest is made by an officer "in possession of a warrant regular and valid upon its face, and issued by a magistrate having jurisdiction of the subject matter,"

it affords complete protection of officer and informant).

Summary judgment was correctly entered for Marion County.

**IV.** This case ultimately boils down to the fact that the source of Darrell Chester's trouble is as easy to trace as it is impossible to justify. The wrong cannot be laid at the door of either defendant. We are not proud when mistakes by one of our officials cause harm to anyone. It would compound our chagrin, however, to shift the blame to others.

**AFFIRMED.**