# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-3189

———————————————

Christopher James Majors

*Plaintiff - Appellant*

v.

City of West Des Moines; West Des Moines Police Department; Jason Hatcher, in his individual capacity

*Defendants - Appellees*

————————

Appeal from United States District Court
for the Southern District of Iowa - Central

————————

Submitted: January 14, 2026
Filed: June 25, 2026

————————

Before LAVENSKI R. SMITH, ERICKSON, and KOBES, Circuit Judges.

————————

KOBES, Circuit Judge.

Christopher Majors sued Detective Jason Hatcher, the City of West Des Moines, and the West Des Moines Police Department under 42 U.S.C. § 1983 and state law, alleging that his arrest was illegal because the affidavit supporting the arrest warrant contained false and misleading statements. He pleaded claims for unlawful seizure, deprivation of due process, false arrest, and malicious prosecution.

The district court[1] granted summary judgment in favor of the defendants on all counts. Reviewing *de novo*, we affirm. *Helmig v. Fowler*, 828 F.3d 755, 760 (8th Cir. 2016) (standard of review).

Viewing the evidence in the light most favorable to Majors and drawing all reasonable inferences in his favor, the facts are as follows. *See id.* Officer Christian Wright went to Majors's home in response to a domestic disturbance call. Majors told officer Wright that his wife, Meredith Majors, pushed him from behind as he was leaving the house. Meredith claimed that Majors pushed her down into the snow and then stepped on her as he walked by. Officer Wright saw marks in the snow indicating there was a physical struggle but did not make an arrest because he couldn't determine who the primary aggressor was.

Later that evening, Meredith emailed Officer Wright, telling him that she found injuries on her arms and right leg. He returned to Majors's house and had Meredith take photos of her injuries with his patrol camera. About a week later, Meredith emailed him medical records showing she had a bruised rib. She also sent him a message from her medical provider saying her rib was likely bruised but not fractured.

Detective Hatcher was assigned to review the case. Meredith sent him her medical records and told him that her ribs were bruised and that one of her ribs had a slight fracture. Officer Wright told Detective Hatcher that he believed Majors was the primary aggressor and should be arrested.

Detective Hatcher prepared a criminal complaint charging Majors with domestic abuse assault, Iowa Code § 708.2A(2)(b), which as relevant here consists of an act intended to cause pain or injury, *State v. Fountain*, 786 N.W.2d 260, 265 (Iowa 2010); Iowa Code § 708.1(2), to a family member residing with the defendant,

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

Iowa Code § 236.2(2)(a), that results in bodily injury, Iowa Code § 708.2A(1), (2)(b). Detective Hatcher's affidavit, which was attached to the complaint, stated: (1) Majors pushed his wife Meredith to the ground, (2) Majors stepped on her, and (3) she was diagnosed with a slight fracture and bruised ribs. The affidavit concluded by saying that Detective Hatcher reviewed the facts and Meredith's medical documents and determined that her injuries were consistent with the facts of the investigation. A judge issued an arrest warrant, and Majors turned himself in.

A valid arrest warrant is fatal to all of Majors's claims against Detective Hatcher.[2] Majors attacks the validity of the arrest warrant by arguing that Detective Hatcher included false and misleading statements in his affidavit, violating *Franks v. Delaware*, 438 U.S. 154 (1978). *See Small v. McCrystal*, 708 F.3d 997, 1007–08 (8th Cir. 2013) (denying officer qualified immunity after plaintiff established a *Franks* violation), *abrogation on other grounds recognized by Laney v. City of St. Louis*, 56 F.4th 1153, 1157 n.2 (8th Cir. 2023); *Christenson v. Ramaeker*, 366 N.W.2d 905, 909–10 (Iowa 1985) (applying *Franks* when plaintiff challenged validity of arrest warrant). To establish such a violation, Majors must show that (1) Detective Hatcher knowingly and intentionally, or with reckless disregard for the truth, included a false statement in his affidavit, and (2) the affidavit would not establish probable cause if the allegedly false information were ignored. *Briscoe v. St. Louis County*, 172 F.4th 996, 1006 (8th Cir. 2026). "Probable cause exists if the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed an offense." *Howe v. Gilpin*, 65 F.4th 975, 980 (8th Cir. 2023) (citation omitted).

---

[2]*Stigall v. Madden*, 26 F.3d 867, 869 (8th Cir. 1994) (arrest warrant generally shields officer from liability for an unlawful arrest under the Fourth Amendment); *Baker v. McCollan*, 443 U.S. 137, 143–46 (1979) (due process provided when plaintiff was arrested pursuant to a valid warrant); *Thomas v. Marion County*, 652 N.W.2d 183, 186 (Iowa 2002) (valid warrant protected officer from liability for false arrest); *Carter v. Ludwick*, 139 F.4th 982, 993 (8th Cir. 2025) (plaintiff could not maintain a malicious prosecution claim because he was arrested pursuant to a warrant and failed to plead any materially false facts or omissions that would negate the finding of probable cause).

According to Majors, Detective Hatcher lied when he said that Meredith had a fractured rib and when he said that he reviewed Meredith's medical records. But even setting aside those statements, the affidavit still establishes probable cause. Detective Hatcher's affidavit says that Majors pushed and stepped on Meredith and that after the altercation she had injuries to her ribs. Whether her ribs were broken or just bruised, that is enough to establish probable cause that Majors assaulted her. The affidavit also says that Detective Hatcher based his probable cause determination on witness statements, Meredith's injuries, and her medical records. Excluding any reference to the medical records, Meredith's statements and her corroborating injuries are enough to establish probable cause. *See Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011) ("Officers may 'rely on the veracity of information supplied by the victim of a crime.'" (citation omitted)); *Joseph v. Allen*, 712 F.3d 1222, 1227 (8th Cir. 2013) ("[Victim's] physical injuries, as well as other evidence at the scene, corroborated [her] statements, providing indicia of reliability."). There was no *Franks* violation.[3]

Majors offers no independent argument that the district court erred in granting summary judgment on his claims against the City of West Des Moines. And the West Des Moines Police Department is a department of the City and not suable in its own right. *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).

Affirmed.

_____

_____

[3]Majors also argues that Detective Hatcher failed to follow department policy during his investigation and that he is not credible because he lied during his deposition. But whether he followed department policy and whether he lied during his deposition do not affect our conclusion that the reconstructed affidavit establishes probable cause to believe that Majors committed the assault. *Cf. Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1080 (8th Cir. 1990) ("The evil intent or bad faith of an officer in obtaining or executing a valid warrant cannot transmute an arrest made with probable cause into a section 1983 violation." (quoting *Jureczki v. City of Seabrook*, 760 F.2d 666, 669 (5th Cir. 1985))).